■ THEODORE WENGER, Appellant, v BROOME COUNTY GOVERNMENT, Respondent. [745 NYS2d 115] —Mercure, J.P. Appeal from an order of the County Court of Broome County (Smith, J.), entered April 20, 2001, which affirmed a judgment of the City Court of the City of Binghamton in favor of defendant.

Plaintiff commenced this action in the City Court of the City of Binghamton, Broome County, to recover for damage to his automobile taillight, which he alleges was caused by one of defendant's snowplows during the early morning hours of February 2, 1999. On the trial of the action, plaintiff testified that at the time the damage was sustained, his automobile was parked in his driveway, situated approximately eight feet from the edge of the highway. Significantly, plaintiff acknowledged that he was in bed asleep when the damage was sustained and he merely assumed that it had been caused by a snowplow because approximately one to two inches of snow had fallen during the night, and when he went outside in the morning, he observed that the taillight was broken and his "car was splattered on the side and on the back" with snow, ice and sand. Even accepting the premise that the trial evidence permitted a finding that the damage to plaintiff's vehicle was caused by snow, ice or an unknown foreign object propelled onto plaintiff's property by defendant's snowplowing operation, the fact remains that the record contains no evidence to support a finding that defendant's operators breached the standard of care prescribed in Vehicle and Traffic Law § 1103 (b) (*see*, *Riley v County of Broome*, 95 NY2d 455).

---

Plaintiff's remaining contentions, including the claim that City Court prevented him from fully presenting his case, have been considered and found to be unavailing. Notably, it appears that any evidence plaintiff was prevented from presenting had no bearing on the issue of liability. Under the circumstances, we reject the contention that substantial justice was not done between the parties (UCCA 1807) and conclude that County Court did not err in affirming City Court's judgment dismissing the claim.

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.