■ KATHRYN M. DAVIS et al., Respondents, v INCORPORATED VILLAGE OF BABYLON, NEW YORK et al., Appellants. [786 NYS2d 550]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Catterson, J.), entered March 31, 2004, which granted the plaintiffs' motion for partial summary judgment determining that the defendants do not qualify for the so-called "rules of the road" exemption contained in the Vehicle and Traffic Law § 1103 (b), and therefore, are to be held to an "ordinary negligence" standard of care of this action.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the plaintiffs' motion for partial summary judgment regarding the nonapplicability of the so-called "rules of the road" exemption contained in Vehicle and Traffic Law § 1103 (b) and the proper standard of care to be applied in this matter. The plaintiffs demonstrated their entitlement to the application of an ordinary negligence standard of care with evidence that the defendant Frank A. Swanson, Jr., was not "actually engaged in work on a highway" (Vehicle and Traffic Law § 1103 [b]) when the street sweeper he was operating crossed a double yellow line separating eastbound and westbound traffic and struck the plaintiffs' vehicle. The record demonstrates that Swanson was merely traveling from one work site to another, and therefore, the defendants are not entitled to invoke the exemption of Vehicle and Traffic Law § 1103 (b) (*see Marvin v Town of Middlesex,* 2002 NY Slip Op 50006[U] [2002], *affd* 300 AD2d 1112 [2002]; *cf. Riley v County of Broome,* 95 NY2d 455 [2000]).

The self-serving affidavit of the Village of Babylon's Superintendent of Public Works was insufficient to raise a triable issue of fact as to whether Swanson was actually engaged in highway maintenance at the time of the accident, since it finds no support in, and is largely contradicted by, Swanson's deposition testimony (*see Mestric v Martinez Cleaning Co.,* 306 AD2d 449 [2003]; *Dalton v Educational Testing Serv.,* 294 AD2d 462 [2002]).

The defendants' remaining contentions are without merit. Santucci, J.P., Schmidt, Skelos and Lifson, JJ., concur.