NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 104042.) [789 NYS2d 255]—

In a claim to recover for damage to property, the defendant appeals from a judgment of the Court of Claims (Mignano, J.), entered June 19, 2003, which, upon an order of the same court dated December 19, 2002, granting the claimant's motion for summary judgment, and an order of the same court entered June 11, 2003, adopting a stipulation of the parties as to damages, is in favor of the claimant and against it in the principal sum of $8,500.

Ordered that the judgment is reversed, on the law, with costs, the orders are vacated, and the motion is denied.

The defendant's employee was mowing the grassy area alongside a state highway when the tractor he was operating struck a wire attached to the claimant's utility pole, causing the

pole to fall to the ground. Contrary to the claimant's contention, to the extent that the defendant's employee was engaged in work "on a highway" at the time of the accident, the applicable standard of care is prescribed in Vehicle and Traffic Law § 1103 (b), and therefore liability would attach only if the defendant's employee acted with "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1103 [b]; *see Riley v County of Broome*, 95 NY2d 455 [2000]; *Wenger v Broome County Govt.*, 296 AD2d 642 [2002]; *Farese v Town of Carmel*, 296 AD2d 436 [2002]). Since triable issues of fact exist as to, inter alia, whether the employee acted recklessly, the claimant was not entitled to summary judgment.

The parties' remaining contentions are without merit. Adams, J.P., Cozier, Santucci and Mastro, JJ., concur.