VIOLETA GUZMAN, Appellant, v CHESTERFIELD BOWEN et al., Respondents. [833 NYS2d 548]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated June 7, 2005, as denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when the vehicle she was driving came into contact with a garbage truck owned by the defendant City of New Rochelle and driven by the defendant Chesterfield Bowen. In opposition to the plaintiff's motion for summary judgment on the issue of liability, the defendants asserted, on the basis of Vehicle and Traffic Law § 1103 (b), that they would be liable for the plaintiff's injuries only upon a finding of "reckless disregard for the safety of others" and that the plaintiff's motion must be denied because the plaintiff failed to establish such recklessness on their part in support of her motion. Contrary to the defendants' argument, however, Vehicle and Traffic Law § 1103 (b) applies only to vehicles "actually engaged in work [up]on a highway," which is construed as being limited to vehicles performing "construction, repair, maintenance or similar work" (*Riley v County of Broome*, 95 NY2d

455, 464 [2000]). Since the ordinary municipal refuse collection in which the garbage truck was engaged at the time of the accident is not such work, the statute is inapplicable.

Applying an ordinary negligence standard, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that the defendants' truck, which was stopped in the left lane facing against traffic, struck her vehicle as it attempted to cross the roadway and enter her lane of travel in violation of her right of way (*see* Vehicle and Traffic Law § 1143; *Lallemand v Cook*, 23 AD3d 533 [2005]; *White v Gooding*, 21 AD3d 485 [2005]). However, in opposition, the defendants raised a triable issue of fact regarding the plaintiff's alleged comparative fault. A motorist is negligent if he or she fails to see that which, under the circumstances, he or she should have seen through the proper use of his or her senses (*see Bolta v Lohan*, 242 AD2d 356 [1997]; *see also Weigand v United Traction Co.*, 221 NY 39 [1917]). Here, the defendants presented the affidavit of Bowen's coworker, a nonparty, who stated that he stood behind the truck and gestured toward the plaintiff in order for her to stop her vehicle from proceeding and to allow the defendants' truck to merge into traffic. This directly conflicted with the plaintiff's testimony at her General Municipal Law § 50-h hearing, where she testified that no one said anything to her or gestured as she attempted to pass the defendants' truck. Accordingly, a triable issue of fact remains regarding comparative negligence, precluding the granting of the plaintiff's motion for summary judgment (*see Perla v Wilson*, 287 AD2d 606 [2001]; *Young v Mauch*, 268 AD2d 583 [2000]). Miller, J.P., Spolzino, Goldstein and McCarthy, JJ., concur.