■ FRANCES VITELLO, Individually and as Mother and Natural Guardian of MICHAEL VITELLO, Respondent, v GENERAL MOTORS CORPORATION (CHEVROLET MOTORS DIVISION), Appellant, et al., Defendants. [853 NYS2d 550]—

By its submission of the driver's testimony that the vehicle hydroplaned on the wet road as he went into a curve and the affidavit by an expert opining that the accident occurred because the vehicle's handling and cornering effectiveness were diminished by the fresh rain, defendant established prima facie that the accident in which the infant plaintiff allegedly was injured was not the result of a defect that caused the vehicle's inner bushing retainer nuts to come loose and the suspension control arm shaft to become bound or to break. This alleged defect was the subject of a recall notice issued by defendant seven years before the accident occurred. In opposition, plaintiffs failed to produce any direct evidence that the alleged defect was the cause of the accident or that the cause of the accident was not the above-cited road conditions or any other cause not attributable to defendant (*see Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 41 [2003]). The affidavit of plaintiffs' expert, who did not examine the vehicle, was insufficient in this regard, because his opinion that the accident was caused by a defect in the inner bushing retainer nuts was based on the recall

notice (*see Barry v Manglass*, 55 AD2d 1, 10 [1976]) and on mischaracterizations of the driver's testimony, particularly his description of how the vehicle handled as it entered the intersection immediately before the accident (*see Rosa v General Motors Corp.*, 226 AD2d 213 [1996]). Concur—Tom, J.P., Andrias, Nardelli and Sweeny, JJ.