■ KIMBERLY HOFMANN, Respondent-Appellant, et al., Plaintiff, v TOWN OF ASHFORD et al., Appellants, et al., Defendants. STATE FARM MUTUAL AUTOMOBILE INS. CO., as Subrogee of GEORGE K. HOFMANN, Respondent, v TOWN OF ASHFORD et al., Appellants. [876 NYS2d 588]—

Appeal and cross appeal from an order of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered February 4, 2008. The order, insofar as appealed and cross-appealed from, denied the motion of defendants Town of Ashford and Duane Fuller for summary judgment and the cross motion of plaintiff State Farm Mutual Automobile Ins. Co., as subrogee of George K. Hofmann, for partial summary judgment.

It is hereby ordered that the order so appealed from is modified on the law by granting the cross motion and as modified the order is affirmed without costs.

Memorandum: Kimberly Hofmann (Hofmann) and her husband commenced an action against, inter alia, the Town of Ashford (Town) and Duane Fuller seeking damages for injuries sustained by Hofmann when a snowplow owned by the Town and operated by Fuller collided with Hofmann's vehicle at an intersection. Hofmann and her husband thereafter separated, and the action commenced by Hofmann and her husband was discontinued with respect to the husband. State Farm Mutual Automobile Ins. Co., as subrogee of Hofmann's husband (State Farm), commenced an action against the Town and Fuller (collectively, defendants), and the two actions thereafter were joined for trial. Defendants made a pretrial motion for summary judgment dismissing the complaints on the ground that the "reckless disregard" standard of care pursuant to Vehicle and Traffic Law § 1103 (b) applies, and they contended that they established as a matter of law that Fuller's conduct was not reckless. State Farm cross-moved for partial summary judgment seeking application of the negligence standard of care and contending that Vehicle and Traffic Law § 1103 (b) is not applicable to this case. Supreme Court denied the motion and the cross motion.

We conclude that the court erred in denying State Farm's cross motion, and we therefore modify the order accordingly. Vehicle and Traffic Law § 1103 (b) exempts from the provisions of title VII of the Vehicle and Traffic Law all "persons, teams, motor vehicles, and other equipment while actually engaged in work on a highway." Such persons, teams, motor vehicles, and other equipment, however, are not relieved "from the duty to proceed at all times during all phases of such work with due regard for the safety of all persons nor shall the foregoing provisions protect such persons or teams or such operators of motor vehicles or other equipment from the consequences of their reckless disregard for the safety of others" (*id.*). That subdivision includes snowplows (*see Riley v County of Broome*, 95 NY2d 455, 463 [2000]).

The sole issue before us is whether Fuller was "actually engaged in work on a highway" at the time of the collision (*id.*), and we conclude that he was not. Our primary consideration in interpreting a statute is to "ascertain and give effect to the intention of the Legislature" (McKinney's Cons Laws of NY, Book 1, Statutes § 92). In addition, meaning and effect should be given to all language in a statute, if possible, and "words are not to be rejected as superfluous when it is practicable to give to each a distinct and separate meaning" (Statutes § 231). Here, the inclusion of the language "actually engaged in work on a highway" indicates that the exemption applies only when such work is in fact being performed at the time of the accident (Vehicle and Traffic Law § 1103 [b]). To conclude otherwise would render superfluous the phrase "actually engaged." Here, the record establishes that, at the time of the collision, Fuller was not driving on part of his plow route but instead was traveling from one part of his route to another by way of a county road that he was not responsible for plowing. Further, Fuller was driving with both blades of the snowplow raised, and was not sanding or salting the road. The exemption does not apply to a driver who is traveling from one work site to another (*see Davis v Incorporated Vil. of Babylon, N.Y.*, 13 AD3d 331 [2004]; *Marvin v Town of Middlesex*, 2002 NY Slip Op 50006[U] [2002], *affd* 300 AD2d 1112 [2002]), and it likewise does not apply here. Defendants therefore are correct that the ordinary negligence standard of care should be applied at trial. Finally, we note that, although State Farm did not cross-appeal from that part of the order denying its cross motion and, instead, only Hofmann cross-appealed therefrom, " 'this is one of those cases where relief to a nonappealing party is appropriate' " (*Lakewood Constr. Co. v Brody*, 1 AD3d 1007, 1009 [2003]; *see generally Hecht v City of New York*, 60 NY2d 57, 61-62 [1983]).

All concur except Scudder, P.J., and Pine, J., who dissent in part and vote to affirm in the following memorandum.

Scudder, P.J., and Pine, J. (dissenting in part). We respectfully dissent in part and would affirm the order denying both the motion of the Town of Ashford and Duane Fuller (collectively, defendants) and the cross motion of State Farm Mutual Automobile Ins. Co., as subrogee of George K. Hofmann. Although the majority concludes as a matter of law that the ordinary negligence standard of care rather than the "reckless disregard" standard of care pursuant to Vehicle and Traffic Law § 1103 (b) applies herein, in our view there is an issue of fact concerning which of those two standards of care applies. The record establishes that the accident occurred after Fuller had plowed two town roads and was proceeding on his plow route along a county highway in order to plow another town road that was approximately 1 to 1½ miles away. Fuller testified at his deposition that the snowplow he was operating, with the flashing lights activated, was stopped at an intersection with a stop sign on the county highway when Fuller observed the vehicle driven by Kimberly Hofmann (Hofmann) approach the intersection from the north. Fuller observed that the right turn signal on Hofmann's vehicle was activated, and Hofmann slowed as she approached the intersection. Fuller began to enter the intersection under the mistaken belief that Hofmann was turning right, whereupon Hofmann's vehicle struck the raised plow blade. The majority concludes that Fuller was not "actually engaged in work on a highway" at the time of the collision and that defendants therefore are not entitled to the reckless disregard standard of care pursuant to Vehicle and Traffic Law § 1103 (b). We cannot agree with that conclusion. In our view, because Fuller was operating the vehicle in the course of his duties, i.e., he had finished plowing one road on his route and was proceeding to the next road assigned on his route, there is an issue of fact whether he was "actually engaged in work on a highway" and thus is entitled to the application of the reckless disregard standard of care at trial rather than that of ordinary negligence (id.; see O'Keeffe v State of New York, 40 AD3d 607, 608 [2007]). Indeed, the Court of Appeals in Riley v County of Broome (95 NY2d 455, 468 [2000]) has explicitly stated that "[t]he statute does not require that a vehicle be located in a designated 'work area' in order to receive the protection" of the reckless disregard standard of care, and we therefore conclude that the applicable standard of care must be determined on a case-by-case basis (cf. Davis v Incorporated Vil. of Babylon, N.Y., 13 AD3d 331 [2004]; Marvin v Town of Middlesex, 2002 NY Slip

Op 50006[U] [2002], *affd* 300 AD2d 1112 [2002]). Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.