*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 21, 2015                    519819
_____

DONNA M. MATSCH,
                        Appellant,

        v
                                         MEMORANDUM AND ORDER
CHEMUNG COUNTY DEPARTMENT OF
    PUBLIC WORKS et al.,
                        Respondents.
_____

Calendar Date:  March 25, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Lynch, JJ.

                    _____


        Cellino & Barnes, PC, Rochester (K. John Wright of
counsel), for appellant.

        Hiscock & Barclay, LLP, Elmira (Jeremy J. Hourihan of
counsel), for respondents.

                    _____


Lynch, J.

        Appeal from an order of the Supreme Court (O'Shea, J.),
entered February 6, 2014 in Chemung County, which, among other
things, granted defendants' motion for summary judgment
dismissing the complaint.

        In October 2010, plaintiff commenced this action to recover
for injuries sustained when the car she was driving was hit by a
street sweeper.  The street sweeper was operated by defendant Ann
Morris, who was an employee of defendant County of Chemung
Department of Public Works.  Following joinder of issue, Supreme
Court granted defendants' motion dismissing the complaint after
finding that Morris was entitled to immunity pursuant to Vehicle
and Traffic Law § 1103 (b).  This appeal ensued.

With exceptions not applicable here, the safety rules and regulations set forth in the Vehicle and Traffic Law do "not apply to persons . . . while actually engaged in work on a highway nor . . . to hazard vehicles while actually engaged in hazardous operation on or adjacent to a highway but shall apply to such persons and vehicles when traveling to or from such hazardous operation" (Vehicle and Traffic Law § 1103 [b]; see Riley v County of Broome, 95 NY2d 455, 461-463 [2000]; Sullivan v Town of Vestal, 301 AD2d 824, 824 [2003]).  If the person is "actually engaged" in work or a hazardous operation, the applicable standard of care is "reckless disregard for the safety of others," but the exception does not apply where the person is traveling to or from the hazardous operation (Sullivan v Town of Vestal, 301 AD2d at 824).  Here, Morris was assigned the task of cleaning gravel that had spilled over a two to three-tenth-mile stretch of the eastbound side of Interstate 86 (hereinafter I-86), a four lane highway, with two eastbound and two westbound lanes separated by a concrete barrier.  To accomplish the assigned task, Morris drove eastbound on I-86, engaged the sweeper broom as she passed over the affected area, then disengaged the sweeper broom as she continued eastbound, then exited the highway to return to I-86 westbound; she then traveled approximately one-half mile to make another U-turn through a break in the concrete barrier in order to make another pass with the sweeper broom over the affected area.  Morris followed this route three times.  On the fourth pass, she entered I-86 westbound and, as she moved to the passing lane in anticipation of having to make the U-turn, she struck plaintiff, who was attempting to pass the street sweeper.

The primary issue presented on this appeal is whether Morris was "actually engaged" in protected work while operating the street sweeper westbound on I-86.  The exemption is applicable "only when such work is in fact being performed at the time of the accident" (Hofmann v Town of Ashford, 60 AD3d 1498, 1499 [2009]), and does not apply when the person and vehicle is traveling from one work location to another (see id.).  Here, Morris was not traveling from one work site to another (compare Davis v Incorporated Vil. of Babylon, N.Y., 13 AD3d 331, 332 [2004]).  Rather, Morris was assigned to clear the gravel on I-86 eastbound and, in order to accomplish this task, it was necessary

for her to pass over the affected area a number of times.  Given the location and circumstances of the spill, Morris was required to follow the circuitous route to complete the assigned work.

We reject plaintiff's contention that because the sweeper broom was not engaged at the time of the accident, Morris was not "actually engaged" in protected work.  Contrary to plaintiff's argument, Trooper Paul J. Campbell testified that, on the day of the accident, he escorted Morris throughout the entire route "to get her in and out of traffic safely."  The street sweeper did not necessarily need to be in the debris area (see Vehicle and Traffic Law § 161) in order to be "actually engaged" in protected work (see Riley v County of Broome, 95 NY2d at 468).  In our view, Supreme Court properly determined that Morris was "actually engaged" in protected work at the time of the accident (see Lobello v Town of Brookhaven, 66 AD3d 646, 646-647 [2009]; Guereschi v Bouchard, 286 AD2d 997, 998 [2001], lv denied 97 NY2d 613 [2002]; Skolnick v Town of Hempstead, 278 AD2d 481, 482 [2000]).

We further agree with Supreme Court that, in light of Campbell's testimony that he saw Morris check her mirror and look to the left and right before moving to the passing lane, defendants met their prima facie burden of demonstrating that Morris' failure to observe plaintiff before moving to the passing lane was not conduct that amounted to reckless disregard for the safety of others (see Vehicle and Traffic Law § 1103 [b]).  In our view, plaintiff has not raised a triable question of fact on this issue.  Morris testified that at the time of the accident, she was traveling at approximately 30 miles per hour, while Campbell estimated her speed at approximately 45 miles per hour.  Even if, as plaintiff contends, Morris was driving 55 miles per hour when she changed lanes, this was still below the posted speed limit.  Moreover, Morris testified that she had hazard lights and an overhead beacon light on at all times while on the route.  The evidence establishes only that Morris looked but did not see plaintiff and "reckless disregard . . . requires . . . more than a momentary judgment lapse" (Saarinen v Kerr, 84 NY2d 494, 502 [1994]; see Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d 705, 707 [2008]).

The remaining arguments have been considered and are without merit.

Lahtinen, J.P., McCarthy and Garry, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court