Zanghi v Doerfler (2018 NY Slip Op 00963)





Zanghi v Doerfler


2018 NY Slip Op 00963


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, CARNI, DEJOSEPH, AND WINSLOW, JJ.


37 CA 17-01372

[*1]CHARLIE ZANGHI AND SHANNON ZANGHI, PLAINTIFFS-RESPONDENTS,
v
JAMES L. DOERFLER AND TOWN OF AMHERST, DEFENDANTS-APPELLANTS. 






CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (MICHAEL J. CHMIEL OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
STAMM LAW FIRM, WILLIAMSVILLE (MELISSA A. STADLER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 16, 2017. The order denied the motion of defendants for summary judgment dismissing the complaint and granted the cross motion of plaintiffs for partial summary judgment on the issue of negligence. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries they sustained when a dump truck owned by defendant Town of Amherst (Town) and operated by defendant James L. Doerfler rear-ended their vehicle while they were stopped at an intersection. Defendants moved for summary judgment dismissing the complaint on the ground that the "reckless disregard" standard of care pursuant to Vehicle and Traffic Law § 1103 (b) applies, and they contended that they established as a matter of law that Doerfler's conduct was not reckless. Plaintiffs cross-moved for partial summary judgment on negligence, contending that the reckless disregard standard of care in Vehicle and Traffic Law § 1103 (b) is not applicable to this case, and that the rear-end collision established defendants' negligence as a matter of law. Supreme Court denied defendants' motion and granted plaintiffs' cross motion. We affirm.
We reject defendants' contention that Doerfler was "actually engaged in work on a highway" at the time of the collision (id.). Instead, Doerfler was traveling between work sites and the dump truck was empty. He was not plowing, salting, sanding or hauling snow. Thus, "the so-called rules of the road' exemption contained in Vehicle and Traffic Law § 1103 (b)" is inapplicable to Doerfler's operation of the dump truck at the time of the rear-end collision, and the proper standard of care is negligence (Davis v Incorporated Vil. of Babylon, N.Y., 13 AD3d 331, 332 [2d Dept 2004]; see Hofmann v Town of Ashford, 60 AD3d 1498, 1499 [4th Dept 2009]).
We reject defendants' further contention that the court erred in granting plaintiffs' cross motion. It is well settled that "a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle" (Pitchure v Kandefer Plumbing & Heating, 273 AD2d 790, 790 [4th Dept 2000]; see Leal v Wolff, 224 AD2d 392, 393 [2d Dept 1996]). "In order to rebut the presumption [of negligence], the driver of the rear vehicle must submit a non[]negligent explanation for the collision" (Pitchure, 273 AD2d at 790; see Herdendorf v Polino, 43 AD3d 1429, 1429 [4th Dept 2007]), and we conclude that defendants failed to submit such an explanation.
Defendants' emergency doctrine contention, raised for the first time on appeal, is not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court