Howell v State of New York (2019 NY Slip Op 01281)





Howell v State of New York


2019 NY Slip Op 01281


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

526795

[*1]DON R. HOWELL, Respondent,
v
STATE OF NEW YORK, Appellant.

Calendar Date: January 11, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Aarons, JJ.


Letitia James, Attorney General, Albany (Robert M. Goldfarb of counsel), for appellant.
Friedman Hirschen & Miller LLP, Albany (Jeanne M. Gonsalves Lloyd of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeals (1) from a decision of the Court of Claims (Schaewe, J.), entered October 27, 2017, following a bifurcated trial in favor of claimant on the issue of liability, and (2) from the judgment entered thereon.
Around noon on January 26, 2015, a snowplow clearing a westbound lane on State Route 17 sideswiped a disabled minivan on the road's shoulder. Claimant was in the minivan and commenced this action to recover for his injuries. Following a bench trial on liability, the Court of Claims determined that defendant's conduct should be analyzed pursuant to Vehicle and Traffic Law § 1104 and concluded that an ordinary negligence standard of care applied. The Court of Claims went on to find that defendant was negligent and bore sole responsibility for the accident, then issued an interlocutory judgment to that effect. Defendant now appeals.[FN1]
We reverse. There is little dispute that the Court of Claims erred in applying Vehicle and Traffic Law § 1104, which affords certain privileges to "[t]he driver of an authorized emergency vehicle, when involved in an emergency operation" (Vehicle and Traffic Law § 1104 [a]; see Vehicle and Traffic Law §§ 101, 114-b) and has no applicability to a vehicle such as a snowplow put to its intended use (see Vehicle and Traffic Law §§ 117-a, 117-b; see also Riley v County of Broome, 95 NY2d 455, 464-465 [2000]). The pertinent statute is instead Vehicle and Traffic Law § 1103 (b), which "exempts from the rules of the road all vehicles . . . which are 'actually engaged in work on a highway,' and imposes on such vehicles a recklessness standard of care" (Deleon v New York City Sanitation Dept., 25 NY3d 1102, 1105 [2015], quoting Riley v County of Broome, 95 NY2d at 460; see Matsch v Chemung County Dept. of Pub. Works, 128 AD3d 1259, 1260 [2015], lv denied 26 NY3d 997 [2015]). Inasmuch as "the snowplow [here] was clearing the road during a snowstorm" when the accident occurred, both the snowplow and its driver are exempted "from the rules of the road" (Riley v County of Broome, 95 NY2d at 463; see Primeau v Town of Amherst, 5 NY3d 844, 845 [2005]; Clark v Town of Lyonsdale, 166 AD3d 1574, 1575 [2018]; Wenger v Broome County Govt., 296 AD2d 642, 642 [2002], lv dismissed 99 NY2d 530 [2002]). As such, liability will only attach if defendant and its employees behaved in a reckless manner, meaning a "conscious disregard of 'a known or obvious risk that was so great as to make it highly probable that harm would follow'" (Bliss v State of New York, 95 NY2d 911, 913 [2000], quoting Saarinen v Kerr, 84 NY2d 494, 501 [1994]; see Deleon v New York City Sanitation Dept., 25 NY3d at 1105; Riley v County of Broome, 95 NY2d at 466; Chase v Marsh, 162 AD3d 1589, 1590 [2018]).
Considering the nonjury verdict with those principles in mind, we note our "broad authority to independently review the probative weight of the evidence, while according appropriate deference to the court's credibility determinations and factual findings" (Driscoll v State of New York, 160 AD3d 1240, 1242-1243 [2018] [internal quotation marks and citations omitted]; see Petti v Town of Lexington, 163 AD3d 1370, 1371 [2018]). In the lead-up to the accident, the snowplow's driver had retracted the driver side wing plow and was using the front plow and extended passenger side wing plow to clear the right lane of westbound State Route 17. The Court of Claims credited trial testimony that the driver was plowing at an appropriate speed when he spotted the disabled minivan about 300 feet ahead. Traffic prevented him from moving into the passing lane or abruptly braking in response, prompting him to gradually slow the snowplow in the hope that he could fully retract the passenger side wing plow by the time that he reached the minivan. The driver could not complete the retraction quickly enough, but his actions led to the wing plow sideswiping rather than running headlong into the minivan and were not in any way reckless (see Vehicle and Traffic Law § 1103 [b]; Clark v Town of Lyonsdale, 166 AD3d at 1575; Ring v State of New York, 8 AD3d 1057, 1057 [2004], lv denied 3 NY3d 608 [2004]; Kearns v Piatt, 277 AD2d 677, 679-680 [2000]).[FN2]
Lastly, the reckless disregard standard only applies "to persons, teams, motor vehicles, and other equipment while actually engaged in work on a highway" (Vehicle and Traffic Law § 1103 [b]), and claimant argued that the preexisting condition of the snowplow rendered an [*2]accident more likely. The Court of Claims viewed this argument with favor, particularly emphasizing proof that the snowplow had a driver side wing plow that jutted out about two feet more than normal when retracted. Notwithstanding the driver's testimony that this condition did not exist and would not have affected his response if it had, the Court of Claims also found that this condition prevented him from moving to the left to avoid a collision with the minivan. The record reflects, however, that the snowplow was positioned to clear the center line with the front plow blade and that, as the snowplow approached the minivan, protocol required the driver to either hold that position or move right toward the minivan in order to avoid an approaching tractor trailer in the passing lane. In other words, the driver side wing plow had no impact upon the initial position of the snowplow and the driver would not have moved that or any other snowplow to the left under the circumstances. Thus, even accepting the proposition that Vehicle and Traffic Law § 1103 (b) does not speak to the condition of the snowplow involved in the accident, that condition was not "a substantial cause of the events which produced the injury" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 314 [1980]; see Vitello v General Motors Corp. [Chevrolet Motors Div.], 49 AD3d 448, 448-449 [2008]).
Lynch, J.P., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the appeal from the decision is dismissed, without costs.
ORDERED that the judgment is reversed, on the law, without costs, and claim dismissed.



Footnotes

Footnote 1: Defendant appeals from both the interlocutory judgment and the underlying decision. The appeal is dismissed insofar as it is taken from the latter, "[a]s a decision is not an appealable paper and the appeal from the judgment includes review of the underlying decision" (Casey v State of New York, 148 AD3d 1370, 1372 n 2 [2017]; see CPLR 5512 [a]).

Footnote 2: It is unclear whether the minivan was struck by the passenger side wing plow proper or an attached "curb shoe" that extended slightly beyond its edge. We agree with the assessment of the Court of Claims that the additional length of the curb shoe would not have caused the accident by itself, making the issue one of little interest.