Rascelles v State of New York (2020 NY Slip Op 05788)





Rascelles v State of New York


2020 NY Slip Op 05788


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2017-05105

[*1]Scott L. Rascelles, respondent-appellant,
v
State of New York, appellant-respondent. (Claim No. 123388)


Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Matthew W. Grieco of counsel), for appellant-respondent.
Sullivan & Sullivan, LLC, Garden City, NY (Robert G. Sullivan of counsel), for respondent-appellant.



DECISION & ORDER
In a claim to recover damages for personal injuries, the defendant appeals, and the claimant cross-appeals, from an interlocutory judgment of the Court of Claims (Stephen J. Lynch, J.), dated March 2, 2017. The interlocutory judgment, upon a decision of the same court dated January 17, 2017, made after a nonjury trial on the issue of liability, finding the defendant to be 100% at fault in the happening of the accident, is in favor of the claimant and against the defendant on the issue of liability.
ORDERED that the cross appeal is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, and the claim is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The claimant commenced this action to recover damages for injuries he allegedly sustained when a New York State Department of Transportation (hereinafter the DOT) dump truck, engaged in the task of locating and retrieving a deer carcass, collided with the claimant's moped while the claimant was traveling in the bike lane of a county highway. In a decision after a nonjury trial on the issue of liability, the Court of Claims found, inter alia, that the driver and the passenger of the DOT vehicle were "traveling over the line partly in a bike lane," were "distracted by looking for the deer and watching the GPS map on the passenger's cell phone," "did not see the [claimant's] moped traveling in the bike lane," "were traveling 30 to 35 miles per hour when they turned further into the bike lane," and that "they sideswiped the claimant on his moped." The court concluded that such actions constituted "reckless disregard for the safety of others" within the meaning of section 1103(b) of the Vehicle and Traffic Law. In an interlocutory judgment dated March 2, 2017, made upon the decision, the court found the defendant 100% liable for the claimant's injuries. The defendant appeals and the claimant cross-appeals from the interlocutory judgment.
As an initial matter, the claimant's cross appeal must be dismissed, as the claimant is not aggrieved by the interlocutory judgment, which was in his favor (see CPLR 5511; Suffolk [*2]County Water Auth. v Dow Chem. Co., 121 AD3d 50, 56-57; see generally Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473; Mixon v TBV, Inc., 76 AD3d 144, 156-157). However, we review the arguments made in support of the claimant's cross appeal as alternative grounds for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545; Ciatto v Lieberman, 266 AD2d 494, 494).
A State vehicle "actually engaged in work on a highway" is exempt from the rules of the road and may be held liable only for damages caused by an act done in "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1103[b]; see Riley v County of Broome, 95 NY2d 455, 459-461). "Reckless disregard . . . requires more than a momentary lapse in judgment" (Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d 705, 707). In order to meet the standard required by Vehicle and Traffic Law § 1103(b), a claimant must show that "the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Riley v County of Broome, 95 NY2d at 466 [internal quotation marks omitted]; see Bliss v State of New York, 95 NY2d 911, 913; Ventura v County of Nassau, 175 AD3d 620, 620).
We see no reason to disturb the factual findings made by the Court of Claims. However, even accepting those factual determinations, the evidence was insufficient to establish that the DOT workers exhibited a "reckless disregard for the safety of others" (Vehicle & Traffic Law § 1103[b]). The claimant failed to establish that the DOT workers acted in conscious disregard of a known or obvious risk that was so great as to make it highly probably that harm would follow (see Bliss v State of New York, 95 NY2d at 913; Matsch v Chemung County Dept. of Pub. Works, 128 AD3d 1259, 1261; Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d at 707).
The alternative grounds for affirmance raised by the claimant are without merit. The record supports the Court of Claims' finding that the DOT workers were "actually engaged in work on a highway" at the time of the accident, and therefore the court properly determined that the defendant could only be held liable if the actions of the DOT employees constituted a "reckless disregard for the safety of others" (Riley v County of Broome, 95 NY2d at 459-461 [internal quotation marks omitted]; see Matsch v Chemung County Dept. of Pub. Works, 128 AD3d at 1260). Since the claimant failed to meet this standard of proof, the claim should have been dismissed (see Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d at 707).
The defendant's remaining contentions need not be reached in light of our determination.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court