Qosaj v Village of Sleepy Hollow (2023 NY Slip Op 06395)

Qosaj v Village of Sleepy Hollow

2023 NY Slip Op 06395

Decided on December 13, 2023

Appellate Division, Second Department

Chambers, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-03791
 (Index No. 50495/21)

[*1]Flakron Qosaj, appellant-respondent, 
v
Village of Sleepy Hollow, et al., respondents-appellants.

APPEAL by the plaintiff, and CROSS-APPEAL by the defendants, in an action to recover damages for personal injuries, from an order of the Supreme Court (William J. Giacomo, J.) dated April 25, 2022, and entered in Westchester County. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability. The order, insofar as cross-appealed from, denied the defendants' motion for summary judgment dismissing the complaint.

Neimark Coffins & Lapp, LLP, New City, NY (Ira H. Lapp of counsel), for appellant-respondent.
Morris Duffy Alonso & Faley (Iryna S. Krauchanka and Gerber Ciano Kelly Brady, LLP, Garden City, NY [Brendan T. Fitzpatrick and Brian W. McElhenny], of counsel), for respondents-appellants.

CHAMBERS, J.

OPINION & ORDER
In this action arising from a motor vehicle collision, we are asked to consider whether a vehicle transporting construction materials for use in an ongoing road repair is "actually engaged in work on a highway" within the meaning of Vehicle and Traffic Law § 1103(b), such that the driver of the vehicle will be exempt from the ordinary rules of the road and held to the "reckless disregard" standard set forth in that statute. For the reasons that follow, we conclude that the defendants' vehicle was not "actually engaged in work on a highway" within the meaning of Vehicle and Traffic Law § 1103(b) at the time of the subject collision.
I. Factual and Procedural Background
The plaintiff in this action seeks to recover damages for personal injuries that he allegedly sustained when the vehicle that he was operating was struck in the rear by a backhoe owned by the defendant Village of Sleepy Hollow and operated by the defendant Douglas DiCariano (hereinafter the defendant driver). The plaintiff moved for summary judgment on the issue of liability, contending that the defendant driver negligently struck the plaintiff's vehicle in the rear and proximately caused his injuries. The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the defendants' vehicle was actually engaged in work on a highway at the time of the accident, thus entitling the defendants to the application of the reckless disregard standard of care rather than that of ordinary negligence (see Vehicle and Traffic Law § 1103[b]).
In support of the motions, the evidence proffered is that, on the day of the accident, the defendant driver had been using a backhoe to open a roadway that was collapsing due to a sewer problem. He left the job site to obtain gravel for the work, and at the time of the collision, he was on route back to the job site with the gravel.
In an order dated April 25, 2022, the Supreme Court determined that the reckless disregard standard of care applied and denied both motions. The plaintiff appeals from so much of the order as denied his motion for summary judgment on the issue of liability. The defendants cross-appeal from so much of the order as denied their motion for summary judgment dismissing the complaint.
II. Analysis
A. Overview of Vehicle and Traffic Law § 1103(b)
We begin our analysis with the general proposition that a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Genao v Cassetta, 214 AD3d 626, 627; Atkins v City of New York, 196 AD3d 622, 623; Hall v Powell, 183 AD3d 576, 577; see also Vehicle and Traffic Law § 1129[a]). Here, in opposition to the plaintiff's prima facie showing that his vehicle was struck in the rear by the defendants' vehicle and that the defendant driver's negligence was a proximate cause of the accident (see Vehicle and Traffic Law § 1129[a]; Balgobin v McKenzie, 213 AD3d 893, 894), the defendants argue that their vehicle was "actually engaged in work on a highway" within the meaning of Vehicle and Traffic Law § 1103(b), such that they should be held to a reckless disregard standard of care rather than an ordinary negligence standard of care (see id.; Riley v County of Broome, 95 NY2d 455, 459-461).
Vehicle and Traffic Law § 1103(b) provides that all vehicles, regardless of their classification, are excused from the rules of the road when "actually engaged in work on a highway" (see Riley v County of Broome, 95 NY2d at 464), "and imposes on such vehicles a recklessness standard of care" (Deleon v New York City Sanitation Dept., 25 NY3d 1102, 1105; see Riley v County of Broome, 95 NY2d at 460; Orellana v Town of Carmel, 212 AD3d 834, 835, lv granted, 39 NY3d 916). This "exemption turns on the nature of the work being performed" (Riley v County of Broome, 95 NY2d at 464), and is limited to vehicles performing "'construction, repair, maintenance or similar work'" (Guzman v Bowen, 38 AD3d 837, 837, quoting Riley v County of Broome, 95 NY2d at 464; see Bliss v State of New York, 95 NY2d 911, 913). Moreover, the exemption applies "only when such work is in fact being performed at the time of the accident" (Hofmann v Town of Ashford, 60 AD3d 1498, 1499; see Perez v City of Yonkers, 204 AD3d 711, 712), although "[t]he statute does not require that a vehicle be located in a designated 'work area' in order to receive the protection" (Riley v County of Broome, 95 NY2d at 468).
B. "Work on a highway"
Here, under the circumstances of this case, we conclude that the defendant driver was not actually engaged in work on a highway at the time of the accident (see Perez v City of Yonkers, 204 AD3d at 712), because the act of transporting gravel to a highway worksite does not itself constitute construction, repair, maintenance, or similar work on a highway (see Guzman v Bowen, 38 AD3d at 837-838; see also Riley v County of Broome, 95 NY2d at 464). When a vehicle travels on a highway to transport equipment or materials, the road itself is not being worked on; instead, the road is being used for its intended purpose of facilitating travel. Moreover, the mere transporting of materials or equipment is different in kind from acts that have been deemed to constitute work "on" a highway, such as clearing or cleaning the road or its shoulder (see Deleon v New York City Sanitation Dept., 25 NY3d at 1104; Matsch v Chemung County Dept. of Pub. Works, 128 AD3d 1259, 1261; New York State Elec. & Gas Corp. v State of New York, 14 AD3d 675, 675-676; Skolnick v Town of Hempstead, 278 AD2d 481, 482), or actively assessing the conditions of the road or searching for a reported hazard on the road (see Orellana v Town of Carmel, 212 AD3d 834, 836, affg 2020 NY Slip Op. 35029[U], *2 [Sup Ct, Putnam County]; Rascelles v State of New York, 187 AD3d 953, 955; Sullivan v Town of Vestal, 301 AD2d 824, 824-825).
C. "Actually engaged"
Indeed, the defendants do not contend that the mere transporting of construction materials on a public road will in every instance constitute being actually engaged in work on a highway. Rather, in advancing their claim, the defendants contend that the defendant driver's transport of materials fell within the scope of the statute because the defendant driver had been repairing a roadbed on the day of the collision and had not yet completed his work for the day. We disagree. The defendants' position is inconsistent with the statute's use of the phrase "actually engaged" (Vehicle and Traffic Law § 1103[b]), as reflected in the plain language of the statute and its interpretation by the courts.
When an identical phrase is used in different parts of the same statute, "'it will be presumed to be used in the same sense throughout,' absent any indication of a contrary intent" (Matter of Mental Hygiene Legal Serv. v Sullivan, 32 NY3d 652, 659, quoting Catlin v Sobol, 77 NY2d 552, 559; see Riley v County of Broome, 95 NY2d at 466). Vehicle and Traffic Law § 1103(b), in addition to creating an exemption from the rules of the road for vehicles "actually engaged in work on a highway," also creates a narrower exemption from certain specific rules of the road for hazard vehicles "actually engaged in hazardous operation on or adjacent to a highway." The statute expressly provides that the exemption for hazard vehicles shall not apply to "persons and vehicles when traveling to or from such hazardous operation" (id.). The plain language of the statute therefore excludes the act of "traveling to or from" a hazardous operation from the definition of being "actually engaged" in that operation (id.).
Contrary to the defendants' assertions, in interpreting the statutory language, "actually engaged" in the context of hazardous operations, courts have consistently held that driving a work vehicle to or from a worksite does not constitute "actually engaged in work on a highway" within the meaning of Vehicle and Traffic Law § 1103(b) (see Perez v City of Yonkers, 204 AD3d at 712-713; Zanghi v Doerfler, 158 AD3d 1275, 1275; Hofmann v Town of Ashford, 60 AD3d at 1499; Davis v Incorporated Vil. of Babylon, N.Y., 13 AD3d 331, 332). This is so even when, as here, the driver is traveling between worksites and has not completed his or her work for the day (see Perez v City of Yonkers, 204 AD3d at 712; Zanghi v Doerfler, 158 AD3d at 1275; Hofmann v Town of Ashford, 60 AD3d at 1499). The foregoing cases make plain that the phrase "actually engaged" refers to the specific task at hand at the time of the subject accident, and not the overall project that is underway on the day of the accident.
In our view, the act of transporting a vehicle itself, such as a snow plow (see Perez v City of Yonkers, 204 AD3d at 712-713; Hofmann v Town of Ashford, 60 AD3d at 1499), street sweeper (see Davis v Incorporated Vil. of Babylon, N.Y., 13 AD3d at 332), or dump truck (see Zanghi v Doerfler, 158 AD3d at 1275), is not meaningfully distinguishable from the use of a vehicle to transport other materials to be used in maintenance or repair work, such as the gravel in the case at bar. In either case, the road is being driven upon, and not worked upon, at the time of the collision (cf. Guzman v Bowen, 38 AD3d at 837-838). For this reason, we reject the defendants' contention that this case warrants a different result from Zanghi v Doerfler on the ground that the dump truck in Zanghi was empty at the time of the accident (see Zanghi v Doerfler, 158 AD3d at 1275).
D. Legislative intent behind Vehicle and Traffic Law § 1103(b)
Moreover, the legislative history and purpose of Vehicle and Traffic Law § 1103(b) seems incompatible with the defendants' invitation to interpret it so broadly as to include transporting materials between worksites. The Court of Appeals has stated that the legislature intended to exempt vehicles that "'build highways, repair or maintain them, paint the pavement markings, remove the snow, sand the pavement and do similar work'" (Riley v County of Broome, 95 NY2d at 464, quoting 1954 NY Legis Doc No 36 at 35). The apparent rationale behind the law is the recognition that performing such work in an efficient manner will sometimes necessitate technical violations of the rules of the road. When the Vehicle and Traffic Law was amended in 1974 to impose a recklessness standard of care rather than an absolute exemption from liability, the Deputy Commissioner and Counsel of the Department of Motor Vehicles explained that, under the proposed law, "[a]lthough vehicles used in highway work must of necessity be exempted from certain traffic laws in order to perform their duties properly, such exemptions should be conditioned upon due regard for the safety of other persons" (Mem of Dept of Motor Vehs, Bill Jacket, L 1974, ch 223 at 7). Similarly, when the Vehicle and Traffic Law was amended in 1987 to provide that

drivers actually engaged in work on a highway would not be exempt from laws prohibiting operation of a vehicle under the influence of alcohol or drugs, the memorandum in support of the legislation noted that "[w]hile many of the rules of the road may prevent or hinder the efficient operation of persons, teams and motor vehicles and other equipment while actually engaged in work on a highway, prohibiting the operat[ion] of such classes of vehicles from . . . driving while intoxicated will have no effect on the efficient operation of those vehicles" (Mem in Support, Bill Jacket, L 1987, ch 528 at 8).
In contrast to the type of work that appears to have been contemplated by the legislature, the use of a vehicle to transport construction materials is a task which one would anticipate could be accomplished while obeying the rules of the road (see Marvin v Town of Middlesex, 2002 NY Slip Op 50006[U], *4 [Sup Ct, Yates County 2002], affd 300 AD2d 1112). [*2]The defendants' reliance upon cases in which the driver was actively engaged in work upon the road itself, during which one would anticipate the potential need to deviate to some degree from the ordinary rules of the road in order to perform the work, is therefore unavailing (see e.g. Orellana v Town of Carmel, 212 AD3d at 836; Rascelles v State of New York, 187 AD3d at 955; Matsch v Chemung County Dept. of Pub. Works, 128 AD3d at 1260; New York State Elec. & Gas Corp. v State of New York, 14 AD3d at 675-676). Furthermore, if the defendants' interpretation of the statute were adopted, then a vehicle hauling construction materials for use in an ongoing road repair would be exempt from the rules of the road, while a vehicle hauling identical construction materials along the same route for use in another type of project would not be exempt. Such a result defies common sense, and there is no reason to believe that this was the legislature's intent (see generally Riley v County of Broome, 95 NY2d at 464).
E. Conclusion
For the foregoing reasons, we conclude that the Supreme Court erred in its determination that the reckless disregard standard of care set forth in Vehicle and Traffic Law § 1103(b) applies to the defendant driver's actions in the case at bar. As the defendants, upon the plaintiff's prima facie showing of negligence on the part of the defendant driver, failed to rebut the inference of negligence by providing a nonnegligent explanation for the collision, the court should have granted the plaintiff's motion for summary judgment on the issue of liability (see Genao v Cassetta, 214 AD3d at 627).
III. Defendants' cross-appeal
With respect to the defendants' motion for summary judgment dismissing the complaint, we affirm on a different ground than the one stated by the Supreme Court. As discussed above, the defendants failed to establish, prima facie, that their vehicle was actually engaged in work on a highway and that the reckless disregard standard of care set forth in Vehicle and Traffic Law 1103(b) applied rather than the ordinary negligence standard (see Davis v Incorporated Vil. of Babylon, N.Y., 13 AD3d at 332; Marvin v Town of Middlesex, 2002 NY Slip Op 50006[U]; see also Zanghi v Doerfler, 158 AD3d 1275). Since the defendants failed to meet their initial burden as the movants, the burden never shifted to the plaintiff to raise triable issues of fact in opposition to the defendants' motion (see Alvarez v Prospect Hosp., 68 NY2d 320, 325; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Tejada v Cedeno, 173 AD3d 808, 809).
Accordingly, the order is reversed insofar as appealed from, on the law, the plaintiff's motion for summary judgment on the issue of liability is granted, and the order is affirmed insofar as cross-appealed from.
CONNOLLY, J.P., CHRISTOPHER and WARHIT, JJ., concur.
ORDERED that the order is reversed insofar as appealed from, on the law, and the plaintiff's motion for summary judgment on the issue of liability is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court