Rouse v City of Syracuse Dept. of Pub. Works (2024 NY Slip Op 03938)

Rouse v City of Syracuse Dept. of Pub. Works

2024 NY Slip Op 03938

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND NOWAK, JJ.

352 CA 23-01742

[*1]RAYKEISHA M. ROUSE, PLAINTIFF-APPELLANT,
v
CITY OF SYRACUSE DEPARTMENT OF PUBLIC WORKS, CITY OF SYRACUSE, CHRISTOPHER RODRIGUEZ, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 

WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
SUSAN R. KATZOFF, CORPORATION COUNSEL, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Onondaga County (Rory A. McMahon, J.), dated October 12, 2023. The order denied the motion of plaintiff to dismiss the fifteenth affirmative defense from the answer of defendants City of Syracuse Department of Public Works, City of Syracuse and Christopher Rodriguez. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the fifteenth affirmative defense asserted by defendants City of Syracuse Department of Public Works, City of Syracuse, and Christopher Rodriguez is dismissed.
Memorandum: Plaintiff commenced this action to recover for injuries she sustained when the car in which she was a passenger collided with a recycling truck. At the time of the collision, the driver of the recycling truck, defendant Christopher Rodriguez, was proceeding along his route. Rodriguez and defendants City of Syracuse Department of Public Works and City of Syracuse (collectively, defendants) answered and asserted as a fifteenth affirmative defense that they were insulated from legal action by the provisions of Vehicle and Traffic Law § 1103.
Plaintiff thereafter moved pursuant to CPLR 3211 (b) to strike defendants' fifteenth affirmative defense. Supreme Court converted the motion to one for summary judgment pursuant to CPLR 3211 (c). After additional briefing, the court determined that Vehicle and Traffic Law § 1103 applied to the facts of the case and denied the motion. Plaintiff appeals, and we reverse.
We agree with plaintiff that the court erred in denying her motion inasmuch as she met her initial burden of demonstrating that Vehicle and Traffic Law § 1103 (b) does not apply as a matter of law and defendants failed to raise a triable issue of fact in opposition.
Vehicle and Traffic Law § 1103 (b) provides that the rules of the road do not apply to "persons, teams, motor vehicles, and other equipment while actually engaged in work on a highway" (see Riley v County of Broome, 95 NY2d 455, 462 [2000]). "[T]he law was intended to exempt from the rules of the road all teams and vehicles that 'build highways, repair or maintain them, paint the pavement markings, remove the snow, sand the pavement and do similar work' . . . Thus, the exemption turns on the nature of the work being performed (construction, repair, maintenance or similar work)—not on the nature of the vehicle performing the work" (id. at 464 [emphasis added]).
Inasmuch as municipal refuse collection does not involve building, repairing, or maintaining highways, painting pavement markings, removing snow, sanding the pavement, or doing other similar work (see id.) and is "a task which one would anticipate could be accomplished while obeying the rules of the road" (Qosaj v Village of Sleepy Hollow, 223 AD3d 29, 35 [2d Dept 2023]), we conclude that Vehicle and Traffic Law § 1103 does not apply to the facts presented here (see Guzman v Bowen, 38 AD3d 837, 837-838 [2d Dept 2007]). In reaching that conclusion, we note that the 2016 amendment to Vehicle and Traffic Law § 117-a (L 2016, ch 293, § 1)—which broadened the definition of "hazard vehicle" to include sani-vans and waste collection vehicles—did not broaden the scope of work that would constitute "engag[ing] in work on a highway" (§ 1103 [b]).
Vehicle and Traffic Law § 1103 (b) further provides that section 1202 (a)—which regulates stopping, standing, and parking—does not apply to "hazard vehicles while actually engaged in hazardous operation on or adjacent to a highway" (see Riley, 95 NY2d at 462). That provision, however, does not shield defendants from the allegations of negligence raised by plaintiff, i.e., violations of the right-of-way provisions of Article 26 of the Vehicle and Traffic Law, including, inter alia, sections 1140, 1142 (a), and 1146 (b).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court