Stolyar v City of New York (2024 NY Slip Op 06555)

Stolyar v City of New York

2024 NY Slip Op 06555

Decided on December 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 24, 2024

Before: Kern, J.P., Singh, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 819065/22 Appeal No. 3311 Case No. 2024-01214 

[*1]Leonid Stolyar, Appellant,
v
City of New York et al., Respondents. 

Ogen & Sedaghati, P.C., New York (Eitan A. Ogen of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Shane A. Magnetti of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about December 7, 2023, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment against defendants City of New York and the New York City Police Department, unanimously reversed, on the law, without costs, and the motion granted.
This personal injury action arises from a rear-end vehicle collision. On June 4, 2022, while working as a vehicle traffic enforcement agent for the New York City Police Department, defendant Joseph H. Reilly was operating his vehicle with a vehicle in tow before he rear-ended plaintiff's vehicle, which was stopped. According to plaintiff, his vehicle was stopped due to traffic for approximately 10 seconds before Reilly rear-ended it. According to Reilly, plaintiff's vehicle stopped suddenly due to plaintiff's own rear-end collision with the leading vehicle. Reilly attested he was driving 40 miles per hour and, while 100 feet behind plaintiff's vehicle, noticed it tailgating the leading vehicle. Although Reilly pressed the brakes upon seeing plaintiff do the same, he was unable to avoid contact with plaintiff's vehicle.
Plaintiff commenced this action on December 21, 2022, alleging negligence, inter alia, against defendants. On December 5, 2023, Supreme Court denied plaintiff's motion for summary judgment, finding that, although plaintiff met his prima facie burden as to defendants' liability, defendants raised an issue of fact regarding whether they were entitled to exercise a lower standard of care — recklessness — under Vehicle and Traffic Law § 1103, and that summary judgment could not be granted where the parties have conflicting accounts of how the accident occurred.
Vehicle and Traffic Law § 1103(b) provides that, with the exception of the provisions regarding driving under the influence of alcohol or drugs, "the rules of the road explicitly do not apply to 'persons, teams, motor vehicles, and other equipment while actually engaged in work on a highway' " (Riley v County of Broome, 95 NY2d 455, 462 [2000]) (emphasis in original). The legislative history of Vehicle and Traffic Law § 1103(b) makes clear that:
[T]he law was intended to exempt from the rules of the road all teams and vehicles that 'build highways, repair or maintain them, paint the pavement markings, remove the snow, sand the pavement and do similar work' . . . Thus, the exemption turns on the nature of the work being performed (construction, repair, maintenance, or similar work)—not on the nature of the vehicle performing the work.
(id. at 464) (emphasis added). Drivers "are not actually engaged in work on a highway when they are merely traveling between work sites and not actively performing any protected task on the road itself" (Orellana v Town of Carmel, -NY3d-, 2024 NY Slip Op 05131, *2 [2024] [Vehicle and Traffic Law § 1103(b) inapplicable where the defendant collided with the plaintiff's vehicle while driving back to his office [*2]after concluding his inspection of road conditions during a snowstorm]).
Here, Reilly affirmed that he was towing a vehicle while driving northbound on the Major Deegan Expressway and did not provide details as to the circumstances surrounding the towing. Thus, the circumstances surrounding the accident, as alleged, do not fall within those contemplated by Vehicle and Traffic Law § 1103(b) (see Orellana, -NY3d-, 2024 NY Slip Op 05131 at *2; Qosaj v Village of Sleepy Hollow, 223 AD3d 29, 34-35 [2d Dept 2023] [Vehicle and Traffic Law § 1103(b) inapplicable where the defendant rear-ended the plaintiff while transporting gravel to his job site, a collapsing roadway]); Perez v Yonkers, 204 AD3d 711, 712-713 [2d Dept 2022] [Vehicle and Traffic Law § 1103(b) inapplicable where the defendant struck the pedestrian plaintiff while traveling between complaint sites to salt or plow the roads as needed]; but cf. Rascelles v State, 187 AD3d 953, 954 [2d Dept 2020] [Vehicle and Traffic Law § 1103(b) applicable where the defendant collided with the plaintiff's moped while searching for a deer carcass on a county highway]). Reilly was not actually engaged in work on the highway when the accident occurred; instead, he was traversing the highway on his way to the police station with the vehicle in tow, which is "a task which one would anticipate could be accomplished while obeying the rules of the road" (Qosaj, 223 AD3d at 35).
Accordingly, the applicable standard is negligence, and plaintiff's motion should have been granted. A rear-end collision with a stopped or slowing vehicle establishes a prima face case of negligence against the rear-ending driver, which may be rebutted if that driver can provide a non-negligent explanation for the accident (see Baez-Pena v MM Truck & Body Repair, Inc., 151 AD3d 473, 476 [1st Dept 2017]). Here, Reilly only affirmed that he was driving 40 miles per hour and noticed plaintiff's vehicle tailgating the leading vehicle when he was 100 feet behind plaintiff. He failed to state his distance from plaintiff's vehicle when it braked or stopped moving and did not state the highway's speed limit and traffic condition to demonstrate what distance would have been reasonable under the circumstances. Defendants have therefore failed to provide an adequate non-negligent explanation for the collision. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 24, 2024