■ Eric C. Ferreri, Respondent, v Town of Penfield, Appellant. [824 NYS2d 835]—

Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered March 20, 2006 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff was seated in a disabled vehicle parked on the shoulder of the highway on a snowy day. He left the driver's door slightly ajar and had his feet on the ground. He was injured when defendant's snowplow struck the car door, crushing his leg. Defendant moved for summary judgment dismissing the complaint on the ground that its employees did not act in "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1103 [b]). Defendant met its burden of establishing its entitlement to judgment as a matter of law by submitting the deposition testimony of the snowplow driver and the snowplow "wing man" wherein they each testified that the snowplow stopped behind two vehicles that were stopped on the side of the road and waited for traffic in the opposite direction to clear. One of those vehicles was occupied by plaintiff. They further testified that, once that traffic had cleared, the snowplow proceeded around the stopped vehicles at a very low rate of speed. That testimony establishes that the action of the snowplow driver in striking the car did not rise to the level of recklessness required for the imposition of liability (*see Saarinen v Kerr*, 84 NY2d 494, 502 [1994]; *see also Szczerbiak v Pilat*, 90 NY2d 553, 557 [1997]).

In response, plaintiff failed to raise a triable issue of fact whether the snowplow driver or the wing man had intentionally committed an act of an unreasonable character in disregard of a known or obvious risk " 'that was so great as to make it highly

probable that harm would follow' and [did] so with conscious indifference to the outcome" (*Saarinen*, 84 NY2d at 501; *see Palmer v City of Syracuse*, 13 AD3d 1229, 1230 [2004]). Present—Kehoe, J.P., Martoche, Centra, Green and Pine, JJ.