ROCKLAND COACHES, INC., Respondent, v TOWN OF CLARKSTOWN et al., Appellants. (Action No. 1.) TOWN OF CLARKSTOWN, Appellant, v ROCKLAND COACHES, INC., et al., Respondents. (Action No. 2.) [854 NYS2d 172]—

On January 18, 2004 Steven Maneri was operating a snowplow owned by the Town of Clarkstown. It was snowing heavily and Maneri was traveling on New York State Route 59 (hereinafter Route 59) at a speed of 20 miles per hour under the posted speed limit with his emergency flashers illuminated. As he approached the intersection of Route 59 and Crosfield Avenue, a Town street he was required to plow, he slowed to a speed of five miles per hour and was beginning to make a right-hand turn, when he collided with a bus owned by Rockland Coaches, Inc. (hereinafter Rockland Coaches), and operated by Edmond S. Glover. The bus and the snowplow were both damaged.

Rockland Coaches commenced action No. 1 against Maneri and the Town to recover damages for injury to its property. The Town, in turn, commenced action No. 2 against Glover and Rockland Coaches to recover damages for injury to its property.

The actions were joined for trial. At the conclusion of the trial, the jury found that Maneri acted recklessly, and that Glover acted negligently. The jury also found that Maneri's recklessness and Glover's negligence were proximate causes of the accident. The jury then apportioned 85% of fault to Maneri, and 15% of fault to Glover.

Asserting that the evidence did not establish that Maneri acted in "reckless disregard for the safety of others," the Town unsuccessfully moved, inter alia, pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law in action No. 1. Judgment was thereafter entered only against the Town. We agree with the Town that the Supreme Court should have granted that branch of its motion which was pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law in action No. 1.

A snowplow operator engaged in work on a highway is exempt from the "rules of the road" and may be held liable only for damages caused by an act done "in reckless disregard for the safety of others" (Vehicle and Traffic Law § 1103 [b]), that is, "in conscious disregard of 'a known or obvious risk that was so great as to make it highly probable that harm would follow' " (*Bliss v State of New York*, 95 NY2d 911, 913 [2000], quoting *Saarinen v Kerr*, 84 NY2d 494, 501 [1994]; *see Primeau v Town of Amherst*, 5 NY3d 844, 845 [2005]; *Riley v County of Broome*, 95 NY2d 455 [2000]). However, even when viewing the evidence in the light most favorable to Rockland Coaches and Glover, and

drawing every reasonable inference in their favor, there is no valid line of reasoning from which the jury could have rationally concluded that Maneri acted with reckless disregard for the safety of others (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). According to his testimony, Maneri looked in his side mirrors as he approached the intersection, but did not look in them immediately before turning. He either failed to see the bus, or believed that the bus was far enough behind him that he could safely make the turn. He then moved into the left U-turn lane to make the wide turn, and made a right turn into the approaching bus. Reckless disregard, however, requires more than a momentary lapse in judgment (*see Saarinen v Kerr*, 84 NY2d at 502). Consequently, the evidence was insufficient to support the verdict finding Maneri at fault for operating a snowplow recklessly within the meaning of Vehicle and Traffic Law § 1103 (b) (*see Primeau v Town of Amherst*, 17 AD3d 1003 [2005], *affd* 5 NY3d 844 [2005]; *see also Ferreri v Town of Penfield*, 34 AD3d 1243 [2006]).

In light of our determination, we need not reach the Town's remaining contentions, which relate solely to action No. 1. Fisher, J.P., Lifson, Santucci and Covello, JJ., concur.