OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, and the matter is remitted to the District Court for the entry of judgment dismissing the action.
In this small claims action, plaintiff seeks to recover for property damage that he sustained when a snowplow belonging to defendant Town of Babylon, which was engaged in the process of snow removal, hit his parked vehicle. At a nonjury trial, plaintiffs witness, Pete Daniels, testified that, on January 27, 2011, he was outside shoveling snow, when he observed defendant Town of Babylon’s snowplow drive by. He noticed that the driver was talking on a handheld cell phone while plowing snow. The witness further testified that he subsequently observed the snowplow drive on his street a second time, that the driver was still talking on her cell phone while plowing, and that he saw the snowplow hit plaintiffs parked vehicle. According to Mr. Daniels, the snowplow had been proceeding at approximately 5 to 10 miles per hour.
Defendant Jennifer Sopko testified that, on the date in question, she had been employed by the Town of Babylon as a snowplow driver and that, at the time of the accident, she was near the end of a 48-hour work shift. She stated that, as a snowplow driver, it was her responsibility to make the road passable. Ms. Sopko explained that, because cars were parked away from the curb on Mr. Daniels’ street, there was little room to maneuver. Ms. Sopko stated that, because of the challenging driving conditions, she was driving at three to five miles an hour, but that, as she drove the snowplow through a tight spot, the plow “caught a little bit of ice,” shifted, and hit plaintiffs vehicle. Ms. Sopko explained that, while driving, she had used her handheld cell phone to call her dispatcher because the snowplow she was driving lacked a radio, but claimed that she had put her phone down prior to the time the snowplow made contact with plaintiffs vehicle.
Following the trial, judgment was awarded in favor of plaintiff in the principal sum of $1,580.49, upon a finding that Ms. Sopko *10 had been using a handheld telephone at the time of the accident and that she had recklessly operated the snowplow in conscious disregard of a known or obvious risk that made it highly probable that harm would result.
To the extent that the parties offered differing and inconsistent testimony as to whether Ms. Sopko was using a handheld telephone at the time of the accident, the trial court’s conclusion, that she was talking on such a telephone at that time, is entitled to substantial deference (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]).
It is a “rule of the road” in New York (see Vehicle and Traffic Law tit VII) that drivers are prohibited from using handheld mobile telephones while driving upon a public highway (see generally Vehicle and Traffic Law § 1225-c). Under Vehicle and Traffic Law § 1103 (b), however, any person operating a hazard vehicle, including a snowplow (see Vehicle and Traffic Law § 117-a), while actually engaged in work on a highway, is exempt from the rules of the road (Riley v County of Broome, 95 NY2d 455, 461 [2000]; Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d 705 [2008]). For such vehicles, liability may be imposed only if the employee operated the vehicle with reckless disregard for the safety of others (see Primeau v Town of Amherst, 5 NY3d 844 [2005]; Riley v County of Broome, 95 NY2d 455 [2000]).
“This standard demands more than a showing of a lack of ‘due care under the circumstances’ — the showing typically associated with ordinary negligence claims. It requires evidence that ‘the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow’ and has done so with conscious indifference to the outcome” (Saarinen v Kerr, 84 NY2d 494, 501 [1994], quoting Prosser & Keeton, Torts § 34 at 213 [5th ed 1984]; see also e.g. Bliss v State of New York, 95 NY2d 911, 913 [2000]; Faria v City of Yonkers, 84 AD3d 1306 [2011]).
Thus, a reckless disregard for the safety of others “requires more than a momentary lapse in judgment” (Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d at 707). To find that there has been a reckless disregard for the safety of others, all the definitional prongs of that standard must be determined against the driver. Even if it be assumed that, by her use of a handheld *11 mobile telephone while driving a snowplow, Ms. Sopko may have “intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow” (Saarinen v Kerr, 84 NY2d at 501, quoting Prosser & Keeton, Torts § 34 at 213 [5th ed 1984]), we conclude that the evidence, that she was navigating the road slowly as she drove the snowplow through a tight passage, does not support a conclusion that Ms. Sopko acted with a “conscious indifference to the outcome” (Saarinen v Kerr, 84 NY2d at 501). Under the circumstances presented, we find that the District Court’s award of judgment in favor of plaintiff failed to render substantial justice between the parties according to the rules and principles of substantive law (see UDCA 1804, 1807).
Accordingly, the judgment is reversed and the matter is remitted to the District Court for the entry of judgment dismissing the action.
Nicolai, P.J., Iannacci and LaSalle, JJ., concur.