Appeal from an amended order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered June 11, 2013. The amended order, insofar as appealed from, denied the cross motion of defendants for summary judgment dismissing the complaint.
It is hereby ordered that the amended order so appealed from is modified on the law by granting defendants’ cross motion in part and dismissing the negligence claims in the first cause of action and as modified the amended order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries they sustained when the vehicle operated by Edward Gawron (plaintiff), in which plaintiff Joanne Gawron was a passenger, was struck by a truck owned by defendant Town of Cheektowaga (Town) and operated by defendant David J. Grzybek, an employee of the Town. The truck was equipped with a plow and, at the time of the accident, the plow was down and Grzybek was in the process of using that plow to remove accumulated water and debris from the road. As plaintiffs allege, “the water was propelled onto the windshield of the . . . truck . . . , blocking [Grzybek’s] vision and causing him to cross over into an oncoming lane and into . . . [plaintiffs’] vehicle.” Plaintiffs alleged that the accident “was caused as a result of the negligent, careless, reckless and unlawful conduct on the part of the defendants.”
Plaintiff moved for partial summary judgment on the issue of defendants’ negligence as well as the affirmative defenses asserted against him, and defendants cross-moved for summary judgment dismissing the complaint. As relevant on appeal, Supreme Court denied defendants’ cross motion in its entirety.
Defendants contend on appeal that the court erred in denying their cross motion because they established that Vehicle and Traffic Law § 1103 (b) applies as a matter of law and that Grzybek was not acting recklessly at the time of the accident. We agree with defendants that, as a matter of law, the truck operated by Grzybek was “actually engaged in work on a *1411 highway” at the time of the accident (id.), “and thus that it was exempt from the rules of the road except to the extent that its operation constituted a ‘reckless disregard for the safety of others’ ” (Curella v Town of Amherst, 11 AD3d 1301, 1301-1302 [2010]; see generally Riley v County of Broome, 95 NY2d 455, 462 [2000]). We further conclude, however, that there are triable issues of fact whether Grzybek acted with such reckless disregard at the time of the accident. We therefore modify the amended order by granting only that part of defendants’ cross motion for summary judgment seeking dismissal of the negligence claims asserted in the first cause of action.
Vehicle and Traffic Law § 1103 “exempts all persons and vehicles ‘while actually engaged in work on a highway’ from the Vehicle and Traffic Law provisions (§ 1103 [b]), except for those provisions relating to driving while intoxicated offenses” (Kabir v County of Monroe, 68 AD3d 1628, 1632 [2009], affd 16 NY3d 217 [2011]). A “highway” is defined as “[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel” (§ 118). Although the road on which the accident occurred was a service road, it was publicly maintained and open to the use of the public for the purpose of vehicular travel (see generally Groninger v Village of Mamaroneck, 17 NY3d 125, 129 [2011]; People v County of Westchester, 282 NY 224, 228-229 [1940]). We thus conclude that the service road constitutes a highway within the meaning of section 1103 (b) as a matter of law.
As we have recently written, “the inclusion of the language ‘actually engaged in work on a highway’ indicates that the exemption applies only when such work is in fact being performed at the time of the accident... To conclude otherwise would render superfluous the phrase ‘actually engaged’ ” (Hofmann v Town of Ashford, 60 AD3d 1498, 1499 [2009]). Grzybek was a maintenance janitor whose normal and routine duties included driving a truck, patching roads and snow plowing. The accident occurred after Grzybek had taken his lunch break at one Town building and was returning to another Town building to continue his work. He took the service road for a “change of scenery.” It is undisputed that, on the day of the accident, Grzybek had not received any specific assignment to plow the water and debris from the road and that he did so on his own “initiative.” It is also undisputed that, while not a common endeavor, Town maintenance employees such as Grzybek had taken it upon themselves to use the plows attached to their trucks to plow puddles, similar to the one plowed by Grzybek, *1412 from highways on other occasions. Plaintiffs contend that, because Grzybek was not performing his “assigned work,” section 1103 (b) does not apply. We are thus called upon to interpret the word “work” as used in the statute.
“It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature . . . As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof ... In construing statutes, it is a well-established rule that resort must be had to the natural signification of the words employed, and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning” (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998] [internal quotation marks omitted]). Indeed, “[t]he function of the courts is to enforce statutes, not to usurp the power of legislation, and to interpret a statute where there is no need for interpretation, to conjecture about or to add to or to subtract from words having a definite meaning, or to engraft exceptions where none exist are trespasses by a court upon the legislative domain” (McKinney’s Cons Laws of NY, Book 1, Statutes § 76, Comment at 168). Thus, “new language cannot be imported into a statute to give it a meaning not otherwise found therein” (§ 94, Comment at 190), and “a court cannot amend a statute by inserting words that are not there” (§ 363, Comment at 525; see Matter of Chemical Specialties Mfrs. Assn. v Jorling, 85 NY2d 382, 394 [1995], rearg denied 85 NY2d 1033 [1995]).
Here, the statute exempts “all [municipal] vehicles ‘actually engaged in work on a highway’ . . . from the rules of the road” (Riley, 95 NY2d at 461). The statute does not state that it exempts only those vehicles engaged in “assigned” work. Plowing water and debris from a road is work, and that work is within the scope of Grzybek’s duties. Plaintiffs do not suggest otherwise. Rather, their contention is that the statute applies only when the vehicles are “performing their assigned work” and that Grzybek was not assigned to plow water and debris from the service road on the day of the accident. In our view, interpreting the statute as the dissent and plaintiffs suggest improperly adds language to the statute by qualifying the word “work.” It is not the function of this Court to usurp the power of the legislature and rewrite a clear and unambiguous statute. Aside from statutory exceptions not relevant herein, all municipal vehicles actually engaged in work are exempt from the rules *1413 of the road. Inasmuch as Grzybek’s vehicle was actually engaged in work, albeit unassigned work, the reckless disregard standard of care set forth in Vehicle and Traffic Law § 1103 (b) applies as a matter of law.
Defendants further contend that, as a matter of law, Grzybek’s conduct did not rise to the level of reckless disregard for the safety of others within the meaning of Vehicle and Traffic Law § 1103 (b). We reject that contention. Even assuming, arguendo, that defendants established their entitlement to judgment as a matter of law on that issue, we conclude that plaintiffs, in opposition to defendants’ cross motion, submitted evidence from which a jury could find that Grzybek “had intentionally committed an act of an unreasonable character in disregard of a known or obvious risk ‘ “that was so great as to make it highly probable that harm would follow” and [did] so with conscious indifference to the outcome’ ” (Ferreri v Town of Pen field, 34 AD3d 1243, 1243-1244 [2006], quoting Saarinen v Kerr, 84 NY2d 494, 501 [1994]).
All concur except Lindley and Sconiers, JJ., who dissent and vote to affirm in the following memorandum.