Clark v Town of Lyonsdale (2018 NY Slip Op 07870)





Clark v Town of Lyonsdale


2018 NY Slip Op 07870


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, CURRAN, AND TROUTMAN, JJ.


1140 CA 18-00787

[*1]RAY E. CLARK, III, PLAINTIFF-RESPONDENT,
v
TOWN OF LYONSDALE, TOWN OF LYONSDALE HIGHWAY DEPARTMENT AND EDWARD A. FARR, DEFENDANTS-APPELLANTS. 






CONGDON, FLAHERTY, O'CALLAGHAN, REID, DONLON, TRAVIS & FISHLINGER, UNIONDALE (CHRISTINE GASSER OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
SHANLEY LAW OFFICES, MEXICO (P. MICHAEL SHANLEY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Lewis County (Charles C. Merrell, J.), entered November 30, 2017. The order denied the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle that he was driving was allegedly struck by the wing blade of a snowplow operated by defendant Edward A. Farr, who was employed by defendant Town of Lyonsdale (Town). Supreme Court denied defendants' motion for summary judgment dismissing the complaint. Defendants appeal, and we reverse.
Vehicle and Traffic Law § 1103 (b) "exempts all vehicles actually engaged in work on a highway'—including [snowplows]—from the rules of the road" (Riley v County of Broome, 95 NY2d 455, 461 [2000]). Here, defendants established as a matter of law that the snowplow was "actually engaged in work on a highway" at the time of the incident (§ 1103 [b]; see Harris v Hanssen, 161 AD3d 1531, 1532-1533 [4th Dept 2018]; cf. Arrahim v City of Buffalo, 151 AD3d 1773, 1773 [4th Dept 2017]; Hofmann v Town of Ashford, 60 AD3d 1498, 1499 [4th Dept 2009]), and plaintiff's evidence that the plow blade was up at the time of the accident did not raise a triable issue of fact with respect thereto inasmuch as plaintiff did not dispute that Farr was "working his run or beat at the time of the accident" (Harris, 161 AD3d at 1533 [internal quotation marks omitted]).
Thus, Farr was exempt from the rules of the road unless he acted with "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1103 [b]; see Ferrand v Town of N. Harmony, 147 AD3d 1517, 1517 [4th Dept 2017]). "That standard requires evidence that a person has acted in conscious disregard of a known or obvious risk that [was] so great as to make it highly probable that harm [would] follow' " (Ferrand, 147 AD3d at 1518). Here, defendants also established as a matter of law that Farr's conduct "did not rise to the level of recklessness required for the imposition of liability" (Ferreri v Town of Penfield, 34 AD3d 1243, 1243 [4th Dept 2006]; see Primeau v Town of Amherst, 17 AD3d 1003, 1003-1004 [4th Dept 2005], affd 5 NY3d 844 [2005]). In support of their motion, defendants submitted evidence that the lane markings on the road were covered in snow and the testimony of plaintiff that he had "no idea" whether any part of the snowplow was actually in his lane of travel. Furthermore, defendants' expert testified that it was plaintiff's vehicle that crossed the center line into Farr's lane, causing the accident.
In opposition, plaintiff failed to raise a triable issue of fact with respect to the issue of reckless disregard (see Catanzaro v Town of Lewiston, 73 AD3d 1449, 1449 [4th Dept 2010]; Ferreri, 34 AD3d at 1243-1244). At most, plaintiff established that Farr did not see plaintiff's vehicle and that a portion of the snowplow crossed the center line of the road, which does not amount to recklessness. Moreover, plaintiff failed to submit competent evidence that Farr's operation of the snowplow without either a "wing man" or certification to operate the snowplow without a wing man was reckless. Finally, while plaintiff and Farr provided different versions of the accident, those differences alone do not create a question of fact on the issue of reckless disregard here (see Catanzaro, 73 AD3d at 1449).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court