Ventura v County of Nassau (2019 NY Slip Op 06209)





Ventura v County of Nassau


2019 NY Slip Op 06209


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-05523
 (Index No. 603957/16)

[*1]Armando Ventura, appellant,
v
County of Nassau, et al., respondents.


Falk & Klebanoff, P.C. (Victor A. Carr, Mineola, NY, of counsel), for appellant.
Jared A. Kasschau, County Attorney, Mineola, NY (Christi M. Kunzig and Robert F. Van der Waag of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated April 2, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On March 5, 2015, the plaintiff allegedly was injured when the vehicle he was operating collided with a snowplow operated by the defendant Michael R. Brown, an employee of the defendant County of Nassau, at the intersection of Nassau Road and Babylon Turnpike in Roosevelt. The plaintiff's mother was a passenger in the plaintiff's vehicle at the time of the accident. Thereafter, the plaintiff commenced this action against Brown, the County, and the defendant Nassau County Fleet Management to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that there was no evidence that Brown operated the snowplow in reckless disregard for the safety of others within the meaning of Vehicle and Traffic Law § 1103(b). The Supreme Court granted the defendants' motion, and the plaintiff appeals.
A snowplow operator "actually engaged in work on a highway" is exempt from the rules of the road and may be held liable only for damages caused by an act done "in reckless disregard for the safety of others" (Vehicle and Traffic Law § 1103[b]; see Joya v Baratta, 164 AD3d 772, 772-773; Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d 705, 706). "This requires a showing that the operator acted in conscious disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (Joya v Baratta, 164 AD3d at 773 [internal quotation marks omitted]; see Bliss v State of New York, 95 NY2d 911, 913; Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d at 706).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, among other things, Brown's deposition testimony and the testimony of the plaintiff and his mother at their depositions and hearings pursuant to General Municipal Law § 50-h (hereinafter 50-h hearings). Brown testified that, at the time of the accident, there was heavy snow, his plow was down, and he was plowing the subject intersection (cf. Arrahim v City of Buffalo, 151 [*2]AD3d 1773; Hofmann v Town of Ashford, 60 AD3d 1498, 1499). Additionally, the defendants' submissions demonstrated that Brown did not act with reckless disregard for the safety of others (cf. Joya v Baratta, 164 AD3d at 773).
Contrary to the plaintiff's contention, the defendants' submissions did not raise a triable issue of fact as to whether Brown was actually engaged in work on a highway at the time of the accident. The plaintiff's deposition testimony that Brown's plow was not lowered at the time of the accident, which contradicted the plaintiff's previous testimony at his 50-h hearing that he did not remember if the plow was lowered, raised only a feigned factual issue and was insufficient to defeat the defendants' prima facie showing (see Johnson v Braun, 120 AD3d 765, 766). Similarly, while the plaintiff's mother testified at her 50-h hearing that the snowplow was not plowing at the time of the accident, this testimony contradicted her other testimony at her 50-h hearing and at her deposition that she did not see the snowplow at any time prior to the accident. The plaintiff's mother also testified that she had undergone cataract surgery on her left eye the day before the accident, and had an eye patch over her left eye, as well as blurred vision in her right eye. She was also wearing dark glasses to keep light out of her eyes, and she explained that, because of the eye patch and the dark glasses, "practically, [she] couldn't see anything." Under the circumstances, the testimony of the plaintiff's mother was likewise insufficient to defeat the defendants' prima facie showing (see Smalls v Adams, 118 AD3d 693, 695).
In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court