Veralli v O'Connor (2021 NY Slip Op 00201)





Veralli v O'Connor


2021 NY Slip Op 00201


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2019-10388
 (Index No. 51022/18)

[*1]Michelle Veralli, respondent, 
v
Terrance P. O'Connor, etc., appellant.


Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Blair J. Greenwald of counsel), for appellant.
Gold, Albanese, Barletti & Locascio, LLC, New York, NY (Kevin M. Eppinger of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated July 25, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On January 22, 2015, the defendant, who was employed by the New York State Department of Transportation (hereinafter NYSDOT), was assigned to remove snow and ice and to sand or salt a 10-mile section of the Saw Mill River Parkway, using a dump truck equipped with a snow plow blade and sand/salt spreading capacity (hereinafter the plow truck). At approximately 10:30 a.m., the defendant, who was nearing the end of his shift, was checking for snow and patches of ice as he traveled for the final time along his assigned route before driving the plow truck back to its storage yard.
The plaintiff was a passenger in a vehicle operated by her sister (hereinafter the plaintiff's vehicle). The plaintiff's vehicle had just passed the plow truck when it skidded on a patch of ice and hit the left guardrail. When the defendant saw the plaintiff's vehicle begin to lose control ahead of him, he applied the brakes to slow the plow truck and steered toward the right shoulder to avoid a collision, but nevertheless impacted the right rear corner of the plaintiff's vehicle with the plow blade.
The plaintiff commenced this personal injury action against the defendant, individually and as an employee of NYSDOT. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint, arguing that he could only be held liable for damages caused by an act done in "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1103[b]). The Supreme Court denied the defendant's motion. We reverse.
Vehicle and Traffic Law § 1103(b) exempts from the rules of the road all vehicles, including snow plows, "which are 'actually engaged in work on a highway', and imposes on such vehicles a recklessness standard of care" (Deleon v New York City Sanitation Dept., 25 NY3d 1102, 1105 [citation omitted], quoting Riley v County of Broome, 95 NY2d 455, 460 [internal quotation marks omitted]; see Ventura v County of Nassau, 175 AD3d 620, 621; Rockland Coaches, Inc. v [*2]Town of Clarkstown, 49 AD3d 705, 706).
Here, contrary to the plaintiff's contention, the defendant established, prima facie, that he was actually engaged in work on a highway at the time of the accident and was therefore entitled to the protection of Vehicle and Traffic Law § 1103(b) (see Ventura v County of Nassau, 175 AD3d at 621). In opposition, the plaintiff failed to raise a triable issue of fact. Thus, the defendant's potential liability in this case must be considered under the recklessness standard of care.
To establish recklessness, a plaintiff must demonstrate that the vehicle operator "has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Deleon v New York City Sanitation Dept., 25 NY3d at 1105 [internal quotation marks omitted]; see Saarinen v Kerr, 84 NY2d 494, 501-502; Ventura v County of Nassau, 175 AD3d at 621). Thus, "[r]eckless disregard . . . requires more than a momentary lapse in judgment" (Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d at 707; see Rascelles v State of New York, 187 AD3d 953; Matsch v Chemung County Dept. of Pub. Works, 128 AD3d 1259, 1261).
Here, the defendant's undisputed testimony established that he was traveling well within the posted speed limit, and as soon as he observed the plaintiff's vehicle lose control directly ahead of him, he slowed the plow truck and steered toward the shoulder in an unsuccessful attempt to avoid a collision. Under these circumstances, we find that the defendant met his prima facie burden of demonstrating that his conduct did not rise to the level of reckless disregard (see Matsch v Chemung County Dept. of Pub. Works, 128 AD3d at 1261). Since the plaintiff failed to raise a triable issue of fact in opposition (see Alvarez v Prospect Hosp., 68 NY2d 320, 324), the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the defendant's remaining contention.
DILLON, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court