Kaffash v Village of Great Neck Estates (2021 NY Slip Op 00159)





Kaffash v Village of Great Neck Estates


2021 NY Slip Op 00159


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-11574
 (Index No. 601715/17)

[*1]Elad Kaffash, respondent, 
v
Village of Great Neck Estates, et al., appellants, et al., defendants.


Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka, Kevin G. Faley, and Amanda Zefi of counsel), for appellants.
Sacco & Fillas LLP, Astoria, NY (Boris Bernstein of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Village of Great Neck Estates and Miguel Oviedo-Mejia appeal from an order of the Supreme Court, Nassau County (Anna R. Anzalone, J.), entered September 5, 2019. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Village of Great Neck Estates and Miguel Oviedo-Mejia for summary judgment dismissing the complaint insofar as asserted against them is granted.
On the evening of January 13, 2016, the defendant Miguel Oviedo-Mejia was operating a snowplow vehicle owned by his employer, the defendant Village of Great Neck Estates. The snowplow vehicle was moving in reverse when its rear bumper allegedly struck the back of the plaintiff, who was walking in the middle of the street near an intersection. In February 2017, the plaintiff commenced this personal injury action against, among others, the Village and Oviedo-Mejia (hereinafter together the defendants). Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion, and the defendants appeal.
"A snowplow operator 'actually engaged in work on a highway' is exempt from the rules of the road and may be held liable only for damages caused by an act done in 'reckless disregard for the safety of others'" (Ventura v County of Nassau, 175 AD3d 620, 621, quoting Vehicle and Traffic Law § 1103[b]; see Joya v Baratta, 164 AD3d 772, 772-773; Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d 705, 706). Reckless disregard requires more than a momentary lapse in judgment (see Saarinen v Kerr, 84 NY2d 494, 502; Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d at 706). "This requires a showing that the operator acted in conscious disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (Joya v Baratta, 164 AD3d at 773 [internal quotation marks omitted]; see Bliss v State of New York, 95 NY2d 911, 913; Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d at 706).
Here, the defendants established their prima facie entitlement to judgment as a matter [*2]of law. In support of their motion, the defendants submitted, inter alia, the deposition testimony of the plaintiff and Oviedo-Mejia. Oviedo-Mejia testified that he was traveling in reverse at a speed of five to seven miles per hour with the lights and beeping alert of the snowplow vehicle activated. Oviedo-Mejia testified that he kept looking in the mirrors as the snowplow vehicle was moving in reverse, but he did not see the plaintiff prior to the alleged impact. Under the circumstances, the defendants demonstrated, prima facie, that Oviedo-Mejia did not act with reckless disregard for the safety of others (see Harris v Hanssen, 161 AD3d 1531, 1533; Roberts v Anderson, 133 AD3d 1384, 1385; Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d at 707). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
MASTRO, A.P.J., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court