Perez v City of Yonkers (2022 NY Slip Op 02297)

Perez v City of Yonkers

2022 NY Slip Op 02297

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2019-11941
 (Index No. 68688/17)

[*1]Ercilia Perez, respondent,
v
City of Yonkers, et al., appellants.

Matthew I. Gallagher, Corporation Counsel, Yonkers, NY (David P. Redmond of counsel), for appellants.
Steve Anduze, Yonkers, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated September 9, 2019. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 15, 2017, the plaintiff allegedly was injured when she was struck by a snowplow operated by the defendant Daniel Farrell and owned by the defendant City of Yonkers as she was crossing Yonkers Avenue in the crosswalk at its intersection with Walnut Street in the City. Thereafter, the plaintiff commenced this action against the City and Farrell to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, contending that at the time of the subject incident Farrell was actually engaged in work on a highway and that he did not act with reckless disregard for the safety of others within the meaning of Vehicle and Traffic Law § 1103(b). The Supreme Court, inter alia, denied the defendants' motion. The defendants appeal.
Pursuant to Vehicle and Traffic Law § 1103(b), a snowplow operator that is "actually engaged in work on a highway" is exempt from the rules of the road and may be held liable only for damages cause by an act done "[in] reckless disregard for the safety of others" (Vehicle and Traffic Law § 1103[b]; see Ventura v County of Nassau, 175 AD3d 620, 621; Joya v Baratta, 164 AD3d 772, 772-773). Here, the defendants' submissions in support of their motion failed to demonstrate that Farrell was actually engaged in work on a highway at the time of the subject incident.
The courts have interpreted the language "actually engaged in work on a highway" (Vehicle and Traffic Law § 1103[b]) to mean that the exemption from the rules of the road "applies only when such work is in fact being performed at the time of the accident" (Hofman v Town of Ashford, 60 AD3d 1498, 1499). Based on Farrell's own deposition testimony and related documentary evidence, on the date of the subject incident, he was not driving on a particular plow route but instead was traveling from complaint site to complaint site to salt or plow those roads as needed. At the time of the subject incident, Farrell was not at a particular complaint site, the subject [*2]roadway was "okay," and, according to both Farrell and the plaintiff, the plow was raised on a tilt. Under such circumstances, the rules of the road exemption contained in Vehicle and Traffic Law § 1103(b) is not applicable (see Hofman v Town of Ashford, 60 AD3d at 1499; Davis v Incorporated Vil. of Babylon, N.Y., 13 AD3d 331, 332; see also Zanghi v Doerfler, 158 AD3d 1275, 1275). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court