Orellana v Town of Carmel (2023 NY Slip Op 00329)

Orellana v Town of Carmel

2023 NY Slip Op 00329

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2020-06458
 (Index No. 500842/19)

[*1]Ana Orellana, appellant, 
v
Town of Carmel, et al., respondents.

Enoch Brady & Associates (Marie R. Hodukavich, Peekskill, NY, of counsel), for appellant.
Lydecker Diaz (Brett Goldman and Gerber Ciano Kelly Brady LLP, Garden City, NY [Brendan T. Fitzpatrick, Brian W. McElhenny, and Jamie Prisco], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated July 24, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint, and denied, as academic, the plaintiff's cross motion, inter alia, for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
This appeal concerns a two-vehicle accident that occurred on December 13, 2018, in the intersection of Lakeview Drive and Highridge Road in the Town of Carmel. At the time of the accident, the plaintiff was proceeding westbound on Highridge Road. Her vehicle was struck in the middle of the intersection by a vehicle owned by the defendant Town of Carmel, and operated by the defendant Michael J. Simone, the then Superintendent of Highways for the defendant Town of Carmel Highway Department, after Simone's vehicle entered the intersection from Lakeview Road. It is undisputed that the plaintiff's entrance into the intersection was not governed by a traffic control device. Simone's entrance into the intersection was governed by a stop sign, at which he stopped prior to entering the intersection. After stopping at the stop sign, Simone looked to his left, but not to his right, toward the direction in which the plaintiff was proceeding, and entered the intersection where the collision occurred.
The plaintiff commenced this action against the defendants to recover damages for personal injuries alleging, inter alia, that the defendants were negligent in their ownership and operation of their vehicle. After discovery was complete, the defendants moved for summary judgment dismissing the complaint on the ground that at the time of the accident Simone was actually engaged in work on a highway and did not act with reckless disregard for the safety of others within the meaning of Vehicle and Traffic Law § 1103(b). The plaintiff cross-moved, among other things, for summary judgment on the issue of liability. In an order dated July 24, 2022, the Supreme Court granted the defendants' motion, and denied, as academic, the plaintiff's cross motion. The plaintiff appeals.
Vehicle and Traffic Law § 1103(b) exempts from the rules of the road all vehicles [*2]"which are 'actually engaged in work on a highway,' and imposes on such vehicles a recklessness standard of care" (Deleon v New York City Sanitation Dept., 25 NY3d 1102, 1105 [citation omitted], quoting Riley v County of Broome, 95 NY2d 455, 460; see Veralli v O'Connor, 190 AD3d 783; Ventura v County of Nassau, 175 AD3d 620, 621; Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d 705, 706).
Here, contrary to the plaintiff's contention, the defendants established, prima facie, that Simone was actually engaged in work on a highway at the time of the accident, and was therefore entitled to the protection of Vehicle and Traffic Law § 1103(b) (see Riley v County of Broome, 95 NY2d at 455; Veralli v O'Connor, 190 AD3d at 783; Ventura v County of Nassau, 175 AD3d at 621; cf. O'Keeffe v State of New York, 40 AD3d 607). In opposition, the plaintiff failed to raise a triable issue of fact. Thus, the defendants' potential liability in this case had to be considered under the recklessness standard of care, which the Supreme Court properly did.
To establish recklessness, a plaintiff must demonstrate that the vehicle operator "has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Deleon v New York City Sanitation Dept., 25 NY3d at 1105 [internal quotation marks omitted]; see Saarinen v Kerr, 84 NY2d 494, 501-502; Veralli v O'Connor, 190 AD3d at 783; Ventura v County of Nassau, 175 AD3d at 621). Thus, "[r]eckless disregard . . . requires more than a momentary lapse in judgment" (Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d at 707; see Veralli v O'Connor, 190 AD3d 783).
Here, Simone's deposition testimony established that after coming to a full stop at the stop sign on Lakeview Road, Simone looked to his left and entered the intersection without ever looking to his right, toward the direction in which the plaintiff was proceeding on Highridge Road. According to Simone, he traveled approximately nine feet into the intersection when the impact with the plaintiff's vehicle occurred and, while he admittedly never saw the plaintiff's vehicle prior to the impact, since he was looking straight ahead as he entered the intersection, Simone estimated that he was traveling between five to six miles per hour when the impact occurred. Under these circumstances, the Supreme Court properly determined that the defendants met their prima facie burden of demonstrating that Simone's conduct did not rise to the level of reckless disregard, but rather evinced a momentary lapse in judgment (see Veralli v O'Connor, 190 AD3d at 783; Matsch v Chemung County Dept. of Pub. Works, 128 AD3d 1259, 1261; Rockland Coaches, Inc. v Town of Clarkstown, 49 AD3d at 707; cf. Joya v Baratta, 164 AD3d 772, 772). In opposition, the plaintiff failed to raise a triable issue of fact.
Since the plaintiff failed to raise a triable issue of fact in opposition (see Alvarez v Prospect Hosp., 68 NY2d 320, 324), the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. As a result of that determination, the court properly denied, as academic, the plaintiff's cross motion, inter alia, for summary judgment on the issue of liability.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court