Horton v Rigney (2023 NY Slip Op 05595)

Horton v Rigney

2023 NY Slip Op 05595

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-04834
 (Index No. 19083/14)

[*1]Ralph Horton, respondent,
v
Nicholas F. Rigney, et al., appellants.

Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lorin A. Donnelly of counsel), for appellants.
Kelner & Kelner, New York, NY (Emil L. Samuels of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated May 27, 2022. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries he allegedly sustained when his vehicle was struck by a snowplow operated by the defendant Nicholas F. Rigney and owned by the defendant Town of Babylon. The defendants moved for summary judgment dismissing the complaint, contending that at the time of the accident, Rigney was actually engaged in work on a highway and that he did not act with reckless disregard for the safety of others within the meaning of Vehicle and Traffic Law § 1103(b). The Supreme Court denied the defendants' motion. The defendants appeal.
Pursuant to Vehicle and Traffic Law § 1103(b), a snowplow operator that is "actually engaged in work on a highway" is exempt from the rules of the road and may be held liable only for damages caused by an act done "[in] reckless disregard for the safety of others" (see Perez v City of Yonkers, 204 AD3d 711, 712; Ventura v County of Nassau, 175 AD3d 620, 621; Joya v Baratta, 164 AD3d 772, 772-773). "The courts have interpreted the language 'actually engaged in work on a highway' (Vehicle and Traffic Law § 1103[b]) to mean that the exemption from the rules of the road 'applies only when such work is in fact being performed at the time of the accident'" (Perez v City of Yonkers, 204 AD3d at 712, quoting Hofmann v Town of Ashford, 60 AD3d 1498, 1499).
Here, the defendants' submissions in support of their motion failed to establish, prima facie, that Rigney was actually engaged in work on a highway at the time of the subject incident (see Perez v City of Yonkers, 204 AD3d at 712). Based on Rigney's own deposition testimony, at the time of the accident, he was not yet driving on his intended plow route but rather was traveling from his home base facility to another road to start his plow route, and the defendants' submissions were otherwise inconsistent as to whether the plow was raised or in a down position just prior to the accident. Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court