Orellana v Town of Carmel (2024 NY Slip Op 05131)

Orellana v Town of Carmel

2024 NY Slip Op 05131

Decided on October 17, 2024

Court of Appeals

Cannataro

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 17, 2024

No. 80 

[*1]Ana Orellana, Appellant,
v
Town of Carmel, et al., Respondents.

Enoch C. Brady, for appellant. 
Brendan T. Fitzpatrick, for respondents. 

CANNATARO, J.

On a snowy day in December 2018, the Superintendent of Highways for the Town of Carmel drove into an intersection without right of way and collided with plaintiff's vehicle. The sole question on this appeal is whether the record establishes that the superintendent was "actually engaged in work on a highway" at the time of the collision, which would exempt the municipal defendants from liability for ordinary negligence under Vehicle and Traffic Law § 1103 (b). Based on the record before us, we hold that the superintendent was not engaged in the type of work covered by section 1103 (b) at the time of the accident.
* * *
The facts relevant to this appeal are largely undisputed. On the morning of the accident, defendant Michael J. Simone, Superintendent of Highways for the Town of Carmel, left his office to inspect the condition of the roads during a snowstorm. As was his practice, he drove to a bellwether location at the highest elevation in town, where snow accumulates first, to make an assessment of the conditions. After observing a quarter inch of snow accumulation, Simone radioed his team and directed all 35 employees to salt the town's roads, a task which he anticipated would be completed within an hour. Simone then began to drive back to his office. He testified at his deposition that, at this point, he did not believe there was any emergency, was not in a rush to return to the office, and had no intention of conducting any further road inspection while en route. When he came to the intersection of Lakeview Drive and Highridge Road, Simone brought his vehicle to a complete stop at a stop sign and looked to his [*2]left whereupon, he testified, he observed another quarter inch accumulation of snow on the road. Simone took no action in response to that observation but resolved to inform his team about it upon returning to the office. He then proceeded on his journey. Without looking to his right, he entered the intersection and collided with plaintiff Ana Orellana's vehicle.
Plaintiff commenced this action against defendants to recover for personal injuries sustained as a result of the accident, alleging that Simone was negligent in failing to look both ways before entering the intersection and causing the collision. Following discovery, defendants moved for summary judgment dismissing plaintiff's negligence claim and plaintiff cross-moved for summary judgment as to liability on that claim. The sole disputed issue on the motions was whether Vehicle and Traffic Law § 1103 (b) exempts defendants from liability for ordinary negligence and entitles them instead to be held to a recklessness standard. Supreme Court granted defendants' motion, holding as a matter of law that Simone's conduct was protected by section 1103 (b), and denied plaintiff's cross-motion as academic. The Appellate Division affirmed (212 AD3d 834 [2d Dept 2023]). This Court granted plaintiff leave to appeal (39 NY3d 916 [2023]) and we now reverse.
As this Court has previously explained, title VII of the Vehicle and Traffic Law sets out a uniform set of traffic regulations, or "rules of the road," which generally "apply to drivers of all vehicles owned or operated by the United States, this state, or any county, city, town, district, or any other political subdivision of the state" (see Vehicle and Traffic Law §§ 1100, 1103 [a]; Riley v County of Broome, 95 NY2d 455, 462 [2000]). Vehicle and Traffic Law § 1103 (b), however, provides that those rules "shall not apply to persons, teams, motor vehicles, and other equipment while actually engaged in work on a highway" (Vehicle and Traffic Law § 1103 [b] [emphasis added]). Although such parties remain liable for "the consequences of their reckless disregard for the safety of others," they bear no liability for ordinary negligence (see id.; Riley, 95 NY2d at 465-467). In drafting Vehicle and Traffic Law § 1103 (b), the legislature aimed to support the work of "keeping the roadways clean and safe for everyone," while accounting for the fact that vehicles performing those functions "may themselves cause risks to ordinary motorists with whom they share the road" (Riley, 95 NY2d at 461).
In Riley, we explained that the applicability of section 1103 (b) "turns on the nature of the work being performed (construction, repair, maintenance or similar work)—not on the nature of the vehicle performing the work" (95 NY2d at 464). Additionally, although the exemption is "broad" and "does not require that a vehicle be located in a designated 'work area' in order to receive [the] protection" (id. at 464, 468), it "applies only when such work is in fact being performed at the time of the accident" (Hofmann v Town of Ashford, 60 AD3d 1498, 1499 [4th Dept 2009], quoting Vehicle and Traffic Law § 1103 [b] [exempting individuals only "while" actually engaged in protected work]).
In line with these principles, the Appellate Division has consistently held that drivers are not "actually engaged in work on a highway" when they are merely traveling between work sites and not actively performing any protected task on the road itself (see Zanghi v Doerfler, 158 AD3d 1275 [4th Dept 2018]). In Perez v City of Yonkers, for example, a snowplow operator was not actually engaged in work on a highway when he was simply "traveling from complaint site to complaint site to salt or plow those roads as needed" and at the time of the accident "the plow was raised on a tilt" (204 AD3d 711, 712-713 [2d Dept 2022]).
Here, according to Simone's own deposition testimony, the accident occurred after he had fully completed his assessment of roadway conditions at his bellwether location and mobilized his entire team to salt the town's roads. At the time of the accident, Simone was merely using the road to return to work. Although he testified that he saw a slushy accumulation of snow to his left shortly before the collision occurred, he took no action in response to observing that condition. Indeed, he testified that as he pulled into the intersection where the collision occurred, there was nothing keeping his attention drawn to his left and he was no longer looking at the condition.
Because the uncontested evidence demonstrates that Simone was not actually engaged in work on a highway at the time the accident occurred, defendants are not entitled to the protections of section 1103 (b). Defendants did not otherwise oppose plaintiff's motion for summary judgment as to liability on her claim.
Accordingly, the order of the Appellate Division should be reversed, with costs, defendants' motion for summary judgment denied, and plaintiff's cross-motion for summary judgment on the issue of liability granted.
Order reversed, with costs, defendants' motion for summary judgment denied and plaintiff's cross-motion for summary judgment on the issue of liability granted. Opinion by Judge Cannataro. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Troutman and Halligan concur.