Bellantoni v Avery (2025 NY Slip Op 04079)

Bellantoni v Avery

2025 NY Slip Op 04079

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-09490
2023-09493
 (Index No. 55175/23)

[*1]John Bellantoni, appellant-respondent,
v
William H. Avery, et al., respondents- appellants. (Appeal No. 1)
John Bellantoni, appellant,William H. Avery, et al., respondents. (Appeal No. 2)

Greenspan & Greenspan, P.C., White Plains, NY (Michael E. Greenspan of counsel), for appellant-respondent in Appeal No. 1 and appellant in Appeal No. 2.
Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondents-appellants in Appeal No. 1 and respondents in Appeal No. 2.

DECISION & ORDER
In an action to recover damages for personal injuries, (1) the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Westchester County (Damaris E. Torrent, J.), dated July 14, 2023, and (2) the plaintiff appeals from an order of the same court dated August 8, 2023. The order dated July 14, 2023, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' eleventh affirmative defense, based upon Vehicle and Traffic Law § 1103(b). The order dated July, 14, 2023, insofar as cross-appealed from, granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' first affirmative defense, alleging comparative negligence. The order dated August 8, 2023, granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that order dated July 14, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated July 14, 2023, is reversed insofar as cross-appealed from, on the law, and that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' first affirmative defense, alleging comparative negligence, is denied; and it is further,
ORDERED that the order dated August 8, 2023, is reversed, on the law, and the defendants' motion for summary judgment dismissing the complaint is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against the defendants, William H. Avery (hereinafter the snowplow driver) and the Village of Tarrytown, to recover damages for injuries the plaintiff allegedly sustained when a vehicle he was driving struck a snowplow owned by the Village. At the time of the accident, while it was snowing and the roadway was covered with snow, the plaintiff's vehicle was traveling behind the snowplow on Route 119, which has three lanes of travel in each direction, and the snowplow was turning left to make a U-turn at an intersection. In their answer, the defendants asserted various affirmative defenses.
The plaintiff moved, inter alia, for summary judgment dismissing the defendants' first affirmative defense, alleging comparative negligence, and their eleventh affirmative defense, based on Vehicle and Traffic Law § 1103(b), which, among other things, exempts certain emergency vehicles that are "actually engaged in work on a highway" from the rules of the road. The defendants moved for summary judgment dismissing the complaint, relying on Vehicle Traffic Law § 1103(b). By order dated July 14, 2023, the Supreme Court denied that branch of the plaintiff's motion which was for summary judgment dismissing the eleventh affirmative defense, based on Vehicle and Traffic Law § 1103(b), but granted that branch of the motion which was for summary judgment dismissing the first affirmative defense, alleging comparative negligence. By order dated August 8, 2023, the court granted the defendants' motion for summary judgment dismissing the complaint.
"[T]he issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff moved for summary judgment dismissing a defendant's affirmative defense of comparative negligence" (Poon v Nisanov, 162 AD3d 804, 808; see Sapienza v Harrison, 191 AD3d 1028, 1029).
Vehicle and Traffic Law § 1103(b) exempts snowplows and certain other emergency vehicles that are "actually engaged in work on a highway" from the rules of the road, and these emergency vehicles may be held liable only for damages caused by an act done in "reckless disregard for the safety of others" (see Perez v City of Yonkers, 204 AD3d 711, 712). This statutory exemption is "broad" and does not require "that a vehicle be located in a designated work area in order to receive [its] protection" (Riley v County of Broome, 95 NY2d 455, 464, 468 [internal quotation mark omitted]), but it is limited to circumstances in which the work "is in fact being performed at the time of the accident" (Perez v City of Yonkers, 204 AD3d at 712 [internal quotation marks omitted]; see Qosaj v Village of Sleepy Hollow, 223 AD3d 29, 32).
Here, in opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law dismissing the defendants' first affirmative defense, alleging comparative negligence, and their eleventh affirmative defense, based on Vehicle and Traffic Law § 1103(b), the defendants raised triable issues of fact. In opposition to the plaintiff's motion and in support of their motion for summary judgment dismissing the complaint, the defendants relied on the snowplow driver's affidavit. According to the snowplow driver, at the time of the collision, he was actively plowing and spreading salt while attempting to make a U-turn in order to finish plowing Route 9, which was part of his assigned route that day. The snowplow driver averred that, as he approached the intersection in the left lane to make a U-turn, he slowed his vehicle and activated his left turn signal. Further, he averred that he checked his side-view mirrors and did not see any vehicles in the vicinity when he attempted to make the U-turn. Under these circumstances, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing the eleventh affirmative defense, based on Vehicle and Traffic Law § 1103(b), but should have similarly denied that branch of the plaintiff's motion which was for summary judgment dismissing the first affirmative defense, alleging comparative negligence (see generally Ventura v County of Nassau, 175 AD3d 620, 621; Lobello v Town of Brookhaven, 66 AD3d 646, 646-647).
Further, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. In opposition to the defendants' prima facie showing that the snowplow driver was actually engaged in work on a highway at the time of the collision and did not act with reckless disregard for others (see generally Veralli v O'Connor, 190 AD3d 783, 784; [*2]Ventura v County of Nassau, 175 AD3d at 621), the plaintiff raised triable issues of fact. Here, the plaintiff's version of the accident starkly contradicted the snowplow driver's version of the accident. According to the plaintiff, prior to the collision, he was traveling in the left-most lane while the snowplow was traveling a few car lengths ahead of him in the middle lane with no emergency lights activated and with the plow blade up. As per the plaintiff, the snowplow began to turn right, crossing the lane line between the middle and right lane, but then, suddenly and without warning, the snowplow turned left, crossing all three travel lanes directly into the plaintiff's path of travel. Since there are triable issues of fact as to the happening of the collision, the defendants' motion for summary judgment dismissing the complaint should have been denied.
In light of our determination, we need not reach the plaintiff's remaining contention.
DUFFY, J.P., MILLER, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court